[Cite as *Albritton v. White*, 2011-Ohio-3499.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

JAMILLA ALBRITTON                              :

    Plaintiff-Appellee                         :        C.A. CASE NO.    24027

v.                                             :        T.C. NO.    08CVI4436

SAYLOR WHITE, et al.                           :        (Civil appeal from
                                          Municipal Court)

    Defendants-Appellants                      :

                                               :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the ___15th___ day of ___July___, 2011.

. . . . . . . . . .

JAMILLA ALBRITTON, 2051 Rugby Road, Dayton, Ohio 45406
        Plaintiff-Appellee

SAYLOR and STEVE WHITE, 326 Walton Avenue, Dayton, Ohio 45417
        Defendants-Appellants

. . . . . . . . . .

FROELICH, J.

{¶ 1} Saylor White,[1] pro se, appeals from a judgment of the Dayton Municipal

---

[1]The complaint listed Saylor White/Steven White as defendants, and certified mail service was made on both.

Court, Small Claims Division, which awarded $818.34 to Jamilla Albritton, after offsetting $281.66 that had been awarded to White on his counterclaim. Albritton has not filed an appellate brief. For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} This litigation arises out of a short-lived and unsuccessful landlord-tenant relationship between Albritton, the tenant, and White, the landlord. According to White, on April 10, 2008, Albritton signed a lease to rent the property located at 2424 Baywood Street in Dayton for $650 per month. Albritton was required to pay a $650 deposit and one month's rent prior to moving in. Albritton paid the $650 deposit at that time. White states that Abritton was unable to pay her first month's rent, and new leases were signed on May 1, 2008, and May 5, 2008. On May 5, 2008, Albritton paid an additional $450, leaving a $200 balance due.

{¶ 3} White claims that Albritton informed him on May 9 that she would no longer be renting the property and that she demanded her money back. Although White states that he originally told Albritton that her deposit and partial rent payment would be forfeited, White claims that he returned the partial rent payment to Albritton.

{¶ 4} On June 9, 2008, Albritton filed this action against Saylor White and Steven White, seeking $2,118 "for non-payment of rent and deposit not returned [and] the cost of storage fees and moving truck. Also lost wages and pain and suffering." On June 23, 2008, Saylor White filed a counterclaim for $1800, representing lost rent and costs due to

Judgment was entered against "Defendants." The notice of appeal also lists both Saylor White and Steven White, but the notice of appeal was signed only by Saylor White. The appellant's brief is also signed only by Saylor White. We see no indication in the record that Steven White independently participated in the trial court proceedings, or that Steven White intends to participate in these appellate proceedings (and, as a non-attorney, Saylor White could not submit documents on Steven White's behalf).

Albritton's breach of the lease agreement.

{¶ 5} A trial before a magistrate was held on July 9, 2008. A transcript of the trial is not in the record, but the record contains copies of the leases, which White presented to the trial court as Defendant's Ex. A. Albritton submitted two payment receipts, an employment application, and a final Dayton Power and Light electrical bill for the Baywood residence, with the service period ending on May 5, 2008.

{¶ 6} On July 25, 2008, the magistrate found "[t]hat the Plaintiff has proved her case by a preponderance of the evidence adduced at the time of trial. The Court awards judgment to the Plaintiff for $818.34 on her claim after offsetting the amount of $281.66 awarded to the Defendant, Saylor White, on his counterclaim." The magistrate also awarded eight percent interest from July 9, 2008, and costs.

{¶ 7} White filed objections to the magistrate's decision. Stated generally, he claimed that the magistrate was biased against him, that Albritton was not credible, that the magistrate's ruling was against the manifest weight of the evidence and in disregard of the law. White failed to provide the trial court with a trial transcript or an affidavit of the evidence, pursuant to Civ.R. 53(D)(3)(b)(iii), to support his objections.

{¶ 8} The trial court overruled White's objections. The court noted that no transcript had been filed. The court stated that it had "reviewed the evidence available from the case record and sees nothing to support Defendant's claims." The trial court adopted the magistrate's decision.

{¶ 9} White appeals from the trial court's judgment. Although White has not set forth any assignments of error as required by App.R. 16(A)(3), his clear contention is that

the trial court's judgment was against the manifest weight of the evidence.

{¶ 10} The weight to be given the evidence and the credibility of the witnesses are primarily matters for the trier of fact to determine. *In re Guardianship of Smith*, Clark App. No. 09 CA 69, 2010-Ohio-4528, ¶19, citing *State v. DeHass* (1967), 10 Ohio St.2d 230. The court of appeals has an obligation to presume that the findings of the trier of fact are correct. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶24. "This presumption arises because the trial judge [or finder-of-fact] had an opportunity 'to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' *** 'A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not.'" (Internal citations omitted.) Id.

{¶ 11} A trial court's judgment will be reversed only if its factual findings are against the manifest weight of the evidence. *KeyBank Natl. Assn. v. Mazer Corp.*, Montgomery App. No. 23483, 2010-Ohio-1508, ¶36. In the civil context, a judgment will not be reversed by a reviewing court as being against the manifest weight of the evidence if there is some competent, credible evidence going to all the essential elements of the case. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, syllabus; *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶24.

{¶ 12} Although White has presented his version of events in his appellate brief, the record does not contain a transcript of the trial, an affidavit of the evidence, pursuant to

Civ.R. 53(D)(3)(b)(iii), or a statement of the evidence, pursuant to App.R. 9. We recognize that a transcript in this case could not be prepared. Jennifer Bell, a representative of the Dayton Municipal Court, filed an affidavit with this court indicating that on July 9, 2008, the recording system in Courtroom 1-A failed and White's case was not recorded. As a result, no transcript could be created.

{¶ 13} Nevertheless, Civ.R. 53(D)(3)(b)(iii), which discusses objections to magistrate's decisions, states that objections to factual findings must be supported by a transcript of all of the evidence "or an affidavit of that evidence if a transcript is not available." White did not submit an affidavit with his objections.

{¶ 14} Nor did White attempt to recreate the record through the procedures set forth in App.R. 9. We initially advised White of those procedures on September 24, 2010. On December 17, 2010, we ordered White to follow the guidelines set forth in App.R. 9(C), which we explained, and informed White that the failure to follow those guidelines would result in our deeming the record complete in its current state. Although White included a "Statement of Record" as part of his appellate brief, that statement did not comply with App.R. 9.

{¶ 15} Absent a transcript of the trial or a proper recreation of that evidence, we cannot speculate what the testimony was at trial, and we are constrained to presume the regularity of the proceedings below unless the limited record for our review affirmatively demonstrates error. *Banks v. Regan*, Montgomery App. No. 21929, 2008-Ohio-188, ¶2; *State v. Like*, Montgomery App. No. 21991, 2008-Ohio-1873, ¶33.

{¶ 16} From the limited record before us, we do not know what evidence was before

the trial court, with the exception of the leases, the payment receipts, the employment application, and the DP&L bill. As a result, we are unable to evaluate the trial court's determination that judgment in favor of Albritton on her claim was appropriate. Hence, we must presume the regularity of the proceedings below. In short, in the absence of the trial transcript or a proper recreation of that evidence, we cannot conclude the trial court's judgment was against the manifest weight of the evidence.

{¶ 17} The judgment of the trial court will be affirmed.

. . . . . . . . . .

HALL, J. and RICE, J., concur.

(Hon. Cynthia Westcott Rice, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Jamilla Albritton
Saylor and Steve White
Hon. John S. Pickrel