[Cite as *Nelson v. Koester*, 2011-Ohio-5506.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96723**

## RANDALL NELSON

PLAINTIFF-APPELLANT

vs.

## CHRISTINA R. KOESTER

DEFENDANT-APPELLEE

**JUDGMENT:
AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-335134

**BEFORE:** Rocco, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** October 27, 2011

**FOR APPELLANT**

Randall J. Nelson, pro se
803 Tarra Oaks Drive
Findlay, Ohio 45840


**FOR APPELLEE**

Christina R. Koester, pro se
155-1/2 Burger Street
Toledo, Ohio 43605


KENNETH A. ROCCO, J.:

{¶ 1}   In this appeal, brought upon the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1, plaintiff-appellant, Randall Nelson ("appellant"), appeals the trial court's decision overruling his objections and adopting the magistrate's decision denying his petition for a domestic violence civil protection order.  For the following reasons, we affirm.

{¶ 2}   On February 3, 2011, appellant filed a petition for a domestic violence civil protection order against defendant-appellee, Christina Koester ("appellee").  After the court denied appellant an ex parte temporary protection order, a hearing was held on February 17, 2011.  The appellant appeared pro se and appellee failed to appear despite notice.

**{¶ 3}** After the hearing, the magistrate issued her decision on February 22, 2011, denying appellant's petition for a domestic violence civil protection order. On March 2, 2011, appellant filed objections to the magistrate's decision and submitted an affidavit in lieu of a transcript of proceedings. On April 7, 2011, the trial court issued a judgment entry overruling the appellant's objections and adopting the magistrate's decision in its entirety.

**{¶ 4}** Appellant now appeals and presents the following assignment of error for our review:

**{¶ 5} "The trial court erred when it did not take into consideration the affidavit that the petitioner filed in lieu of the transcript of the full-hearing when he made his objections to the magistrates [sic] decision."**

**{¶ 6}** In his sole assignment of error, appellant argues that the trial court erred in failing to consider his affidavit in lieu of a transcript when overruling his objections and adopting the magistrate's decision. We disagree.

**{¶ 7}** Civ.R. 53(D)(3)(b)(iii) provides that objections to a magistrate's factual finding "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." The transcript of appellant's hearing was unavailable for purposes of the rule because appellant claims to be indigent and unable to  afford it. See *Gumins v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 10AP–941, 2011-Ohio-3314, ¶10. Therefore, Civ.R.

53(D)(3)(b)(iii) mandates that appellant's objections be supported by an affidavit of evidence. "An affidavit under that rule must contain a description of all the relevant evidence, not just the evidence deemed relevant by the party objecting to the magistrate's findings." *Gumins,* supra at ¶13.

{¶ 8} In this case, appellant's affidavit was not sufficient under Civ.R. 53(D)(3)(b)(iii). The affidavit presented only the evidence appellant considered important even though the rule requires that the affidavit describe ***all*** the relevant evidence presented at the hearing. When comparing appellant's affidavit with the magistrate's factual findings, it is apparent the affidavit omits evidence. See *Gumins*, supra at ¶13. Accordingly, appellant's affidavit fails to meet the requirements of Civ.R. 53 and could properly be rejected as a basis of support for appellant's objections. Nonetheless, there is nothing in appellant's affidavit that would have prompted the magistrate to issue a civil protection order. Appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR