[Cite as *Powells v. Radey*, 2012-Ohio-163.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96898

## CANDICE POWELLS

PLAINTIFF-APPELLEE

vs.

## RICHARD RADEY

DEFENDANT-APPELLANT

JUDGMENT:
AFFIRMED

Civil Appeal from the
Cleveland Municipal Court
Case No. 2008 CVI 030399

BEFORE: Stewart, P.J., Celebrezze, J., and Keough, J.

**RELEASED AND JOURNALIZED:**   January 19, 2012

**ATTORNEY FOR APPELLANT**

Daniel Walker
White & Walker Co., L.P.A.
75 Public Square, Suite 1310
Cleveland, OH    44113

**FOR APPELLEE**

Candice Powells, Pro Se
4511 Bush Avenue
Cleveland, OH    44109

MELODY J. STEWART, P.J.:

{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cleveland Municipal Court and the brief and oral argument of appellant's counsel.

{¶ 2} Plaintiff-appellee Candice Powells brought this action against her landlord, defendant-appellant Richard Radey, alleging that he charged her rent beyond the amount authorized in his contract with the Section 8 Tenant-Base Assistance Housing Choice Voucher Program.   Powells's lease was approved in the amount of $817 and she was originally provided with a housing assistance payment in the amount $699, leaving her to pay the remaining $118 due on the lease.   During the lease term, the housing assistance payment was increased to $817, yet Radey continued to collect $118 per month from Powells.   The court approved a magistrate's decision awarding Powells $1,600 for her overpayment.   Radey appeals, assigning four errors that collectively challenge the weight of the evidence and

complain that he was denied the effective assistance of counsel.

{¶ 3} There is no transcript of the hearing before the magistrate. Civ.R. 53(D)(3)(b)(iii) states that an objection to a factual finding, whether or not specifically designated as such, shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. Where the objecting party fails to provide the trial court with the transcript of the proceedings before the magistrate, the appellate court is precluded from considering the transcript of the magistrate's hearing. *State ex rel. Duncan v. Chippewa Twp. Trustees,* 73 Ohio St.3d 728, 730, 1995-Ohio-272, 654 N.E.2d 1254. Radey claims that the magistrate told the parties that the court's recording device was broken, but even if that were true, he still had the responsibility to provide an affidavit of the evidence. See *Gumins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-941, 2011-Ohio-3314, ¶10; *Nelson v. Koester,* 8th Dist. No. 96723, 2011-Ohio-5506, ¶7; App.R. 9(C). Without a transcript or affidavit of the evidence, we cannot review the magistrate's factual findings and must presume the regularity of the proceedings below. See *Albritton v. White*, 2d Dist. No. 24027, 2011-Ohio-3499, ¶ 15.

{¶ 4} Radey next argues that he was denied the effective assistance of counsel because his originally-retained attorney sent a different, unprepared, attorney to the trial before the magistrate. Unlike the defendant in a criminal prosecution, a civil litigant has no

constitutional right to the effective assistance of counsel. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122, 1997-Ohio-401, 679 N.E.2d 1099. If Radey believes the new attorney who represented him at trial before the magistrate fell short of professional standards, "remedies are available in a malpractice action." (Citations omitted.) Id.

Judgment affirmed.

It is ordered that appellee recover of appellant her costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR