[Cite as *Wilson v. Wilson*, 2012-Ohio-5318.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| TAMMIE S. WILSON | : | |
| | : | Appellate Case No. 25117 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 04-DR-458 |
| v. | : | |
| | : | |
| RICHARD M. WILSON | : | (Civil Appeal from Common Pleas |
| | : | Court, Domestic Relations) |
| Defendant-Appellant | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on the 16th day of November, 2012.

· · · · · · · · · · ·

TAMMIE S. WILSON, 2555 West Jackson Road, Yellow Springs, Ohio 45385
     Plaintiff-Appellee, *pro se*

RICHARD M. WILSON, 23 Westford Grange, Wellington, Somerset, United Kingdom
TA210EP
     Defendant-Appellant, *pro se*

· · · · · · · · · · · ·

HALL, J.

{¶ 1}    Richard M. Wilson appeals pro se from the trial court's February 29, 2012 decision and judgment entry ruling on his "Motion to Modify Parental Rights and Responsibilities; Allocation of Tax Dependency Exemption; Child Support; Dependent Health

Care Order and Other Relief."

{¶ 2}  The record reflects that Wilson married the appellee in July 2000. They had one child, G.W., who was born in March 2001. The parties divorced in August 2005. The appellee was designated the residential parent and legal custodian. Wilson was granted parenting time and ordered to pay child support of $452 per month. He later moved to England.  On August 10, 2011, Wilson filed the above-mentioned motion. He sought to be designated the residential parent and legal custodian. Alternatively, he requested modification of the existing parenting-time order and an order for telephone contact. Finally, he sought a reduction in his child-support obligation.

{¶ 3}  The trial court held a February 2, 2012 hearing on Mr. Wilson's motion. After taking evidence from both parties, the trial court granted Wilson periodic telephone or Skype contact with the child. The trial court also reduced his child-support obligation. Finally, it denied his request to be designated the residential parent and legal custodian. (Doc. #94).

{¶ 4}  Wilson's appellate brief appeal lacks any assignments of error. It consists largely of allegations of corruption in the courts of Montgomery County. Wilson contends his most recent hearing was a "farce" and that "[t]here has never yet been a fair trial in this matter as demanded by law." With regard to the issues addressed by the trial court, Wilson contends the State should have been ordered to pay court costs, not him. He also complains about the modified child-support order and questions whether the evidence supports it. He additionally asserts that Skype contact is ineffective. Finally, he argues that he should not be required to pay any of his child's Ohio health-care costs because he lives in England.

{¶ 5}  Upon review, we find Wilson's appeal to be without merit. As an initial matter, he has failed to file a transcript of the trial court's February 2, 2012 hearing on his

motion. Absent a transcript, we are unable to determine whether the evidence supports the trial court's modified child-support order. As for the imposition of court-costs we see no error. Wilson reasons that "the state got it wrong so costs should have been awarded against the state not the defendant." We disagree. The State is not a party to this case.

{¶ 6} With regard to Skype being ineffective, the trial court's ruling reflects that Wilson himself requested "either phone or Skype contact with the minor child[.]" (Doc. #94 at 2). The trial court granted him both, and we see no error. Finally, Wilson cites an unidentified "treaty" and claims he cannot be required to pay any of his child's Ohio health-care costs. Absent specific argument with citation to the unknown treaty, Wilson has not demonstrated error in the trial court's ruling.

{¶ 7} The judgment of the Montgomery County Common Pleas Court, Domestic Relations Division, is affirmed.

. . . . . . . . . . . .

GRADY, P.J., and FAIN, J., concur.


Copies mailed to:

Tammie S. Wilson
Richard M. Wilson
Hon. Timothy D. Wood