[Cite as *VanHeulen v. VanHeulen*, 2015-Ohio-4792.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| ANGELA VANHEULEN | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2015-CA-29 |
| | : | |
| v. | : | T.C. NO. 12DM65 |
| | : | |
| MARTY C. VANHEULEN | : | (Civil appeal from Common |
| | : | Pleas Court, Domestic Relations ) |
| Defendant-Appellant | : | |
| | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___20th___ day of ____November____, 2015.

. . . . . . . . . . .

ANGELA VANHEULEN, Beavercreek, Ohio 45434
    Plaintiff-Appellee

MARTY C. VANHEULEN, Bellbrook, Ohio 45305
    Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Marty C. VanHeulen, pro se, appeals a decision of the Greene County Court of Common Pleas, Domestic Relations Division, ordering him to pay child support for his minor child in the amount of $737.69 per month, effective as of January 1, 2015. Marty filed a timely notice of appeal with this Court on May 7, 2015.

**Background**

{¶ 2} Plaintiff-appellee Angela VanHeulen (nee Wallace) and Marty VanHeulen were married on November 1, 2003, at Wright-Patterson Air Force Base (WPAFB). The parties had one child during their marriage, a daughter, B.V., born in December of 2006. On April 5, 2012, the parties filed a joint petition for the dissolution of their marriage. Attached to the parties' dissolution petition was a separation agreement and shared parenting agreement.

{¶ 3} On July 5, 2012, a Final Decree of Dissolution was filed, thereby terminating the parties' marriage. Initially, the parties entered into a shared parenting plan for the minor child. Angela was designated as the primary residential parent for school attendance purposes. The shared parenting agreement designated Marty as the obligor for the purposes of child support, but the parties agreed to a deviation reducing the award to $0.00.

{¶ 4} On April 24, 2014, Angela filed a motion to terminate the shared parenting agreement and requesting that she be designated as the custodial parent of B.V. In the same motion, Angela also sought an order awarding her an undetermined amount of child support. Lastly, Angela sought an order from the trial court requiring Marty to transport B.V. to her extracurricular activities. In the alternative, Angela sought an order allowing her to transport B.V. to any extracurricular activities scheduled during Marty's parenting time.

{¶ 5} On August 27, 2014, the trial court issued an order terminating the parties' shared parenting agreement and naming Angela as the custodial parent of B.V. Marty was awarded parenting time with B.V. from Tuesday evening through Thursday morning during the week and alternating weekends. The child support award, however, remained

undisturbed, set at $0.00.

{¶ 6} On December 10, 2014, Angela filed a motion to amend the child support order, alleging that Marty failed to exercise his parenting time and failed to pay expenses outlined by the trial court in the prior order issued in August, 2014. A hearing was held on Angela's motion on April 7, 2015. Angela was represented by counsel at the hearing, and Marty appeared pro se. Shortly thereafter on April 8, 2015, the trial court issued a decision and order awarding Angela child support in the amount of $737.69 per month. The parties stipulated that the child support award would be retroactive to January 1, 2015. The trial court also ordered that all communications between the parties be conducted through an online portal called "Our Family Wizard" except in emergency matters regarding B.V.

{¶ 7} It is from this judgment that Marty VanHeulen now appeals.

**Analysis**

{¶ 8} Initially, we note that Marty's pro se brief presents no distinct assignments of error. Rather, he asks this Court "for a review and recommendation based on the actual parenting time/overnights" he has with B.V. Essentially, Marty asserts that the trial court relied on incorrect information regarding the time he actually spends with B.V. when it formulated his child support obligation. Thus, Marty requests that we modify the child support award based upon his own figures consisting of all of the dates he purports to have parenting time with B.V. in excess of the parenting time ordered by the trial court. Marty also requests that we order the trial court to modify the decision issued on April 8, 2015, to reflect the actual parenting time he exercises with B.V.

{¶ 9} Additionally, Marty asserts that the trial court erred by not permitting

payments he made for B.V.'s daycare to be applied to his child support arrearage. Marty also contends that Angela's last name should appear as her maiden name, "Wallace," instead of VanHeulen, in all previous and future court documents. Lastly, Marty alleges several instances whereby Angela has violated the terms of the standard parenting order.

{¶ 10} Rule 16 of the Ohio Rules of Appellate Procedure requires an appellant's brief to include a "statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." App.R. 16(A)(3). This rule also requires several other things missing from Marty's brief: a table of contents, with page references, App.R. 16(A)(1); a table of cases, App.R. 16(A)(2); a statement of the case or statement of the facts relevant to the assignment of errors, App.R. 16(A)(5) and (6); and an "argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies," App.R. 16(A)(7). Appellate Rule 12 provides that a court of appeals may "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App. R. 16(A)." App.R. 12(A)(2).

{¶ 11} While we are mindful that such omissions authorize this Court to either strike the offending portions of the brief or sua sponte dismiss the appeal, we would generally still review the merits of appellant's claims in the interests of justice. In the instant case, however, Marty has failed to file a transcript of the trial court's April 7, 2015, hearing on Angela's motion to amend the child support order.[1] Absent a transcript, we

---

[1] The record indicates that while Marty initially ordered a hard copy of the transcript from

are unable to determine whether the evidence supports the trial court's modified child-support order. *See Wilson v. Wilson*, 2d Dist. Montgomery No. 25117, 2012-Ohio-5318, ¶ 5.

**{¶ 12}** App. R. 9(B) imposes a duty on Mr. VanHeulen to provide a transcript of the proceedings in which the evidence was presented to the trial court. App. R. 9(C) or (D) provide alternatives for completing the record if no transcript is available. "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." *Yocum v. Means,* 2d Dist. Darke No. 1576, 2002–Ohio–3803. "Absent a transcript of the trial or a proper recreation of that evidence, we cannot speculate what the testimony was at trial, and we are constrained to presume the regularity of the proceedings below unless the limited record for our review affirmatively demonstrates error." *Albritton v. White,* 2d Dist. Montgomery No. 24027, 2011-Ohio-3499, ¶ 15.

**{¶ 13}** Based on the limited record before us, we find no affirmative demonstration of error. In the absence of the trial transcript, we cannot conclude the trial court abused its discretion when it formulated Mr. VanHeulen's child support obligation. Therefore, we must presume the regularity of proceedings below and affirm.

**{¶ 14}** Lastly, Appellant's argument that Angela's last name should appear as her maiden name, "Wallace," instead of VanHeulen, in all previous and future court documents is not properly before us. We also note that any arguments regarding any perceived violations of the standard parenting order currently in place which occurred

---

the trial court, he never followed through with procuring it. Thus, it is not part of the record in the instant appeal.

after the trial court issued its ruling on April 8, 2015, are likewise not properly before us, and therefore, will not be addressed.

 **{¶ 15}** The judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies mailed to:

Angela VanHeulen
Marty C. VanHeulen
Hon. Steven L. Hurley