[Cite as *Williamson v. Caldwell*, 2018-Ohio-311.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

ROBYNN WILLIAMSON           :
           :
    *Plaintiff-Appellant*     :    Appellate Case No. 27621
           :
v.           :    Trial Court Case No. 2017-CV-2101
           :
ELESA CALDWELL           :    (Civil Appeal from
           :    Common Pleas Court)
    *Defendant-Appellee*    :
           :

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of January, 2018.

. . . . . . . . . . .

ROBYNN WILLIAMSON, 74 Woolery Lane, Apartment B, Dayton, Ohio 45415
    Plaintiff-Appellant-Pro Se

ELESA CALDWELL, 1440 Tampa Avenue, Dayton, Ohio 45417
    Defendant-Appellee-Pro Se

. . . . . . . . . . . .

TUCKER, J.

**{¶ 1}** Appellant Robynn Williamson appeals pro se from a judgment of the Montgomery County Court of Common Pleas denying her petition for a civil stalking protection order. For the reasons set forth below, we affirm.

## I. Procedural History

**{¶ 2}** Elesa Caldwell is engaged to the father of Robynn Williamson's child. On December 22, 2016, Caldwell accompanied her fiancé to a child support hearing. At the hearing, she and Williamson got into a verbal altercation. On April 28, 2017, Williamson went to Caldwell's home. Following a verbal confrontation, Williamson departed. Caldwell then followed Williamson. According to Williamson, Caldwell followed her to her home and then physically assaulted her. According to Caldwell, she followed Williamson and they ended up in a physical altercation in a parking lot.

**{¶ 3}** On May 1, 2017, Caldwell filed a petition for a civil stalking protection order (hereinafter "CSPO") against Williamson alleging that Williamson had engaged in menacing by stalking. Thereafter, on May 2, 2017, Williamson filed a petition for a CSPO. Williamson also alleged that Caldwell had engaged in menacing by stalking. No temporary orders were entered. The two cases were consolidated and a final hearing was conducted in May. The magistrate filed a decision denying both petitions. The trial court then adopted the magistrate's decision as its own and entered judgment denying both petitions. Williamson appeals.

## II. Failure to Follow Procedural Rules

**{¶ 4}** "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002-Ohio-3803, ¶ 20. Williamson's appellate brief fails to comply with App.R. 16(A)(3) which requires that an appellate brief contain a "statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." Further, she has attached a document to her brief that appears to be an order in a domestic violence case involving the father of her child. We are limited to a review of the record, and thus, cannot review that document. *Chase Manhattan Mfg. Corp. v. Locker*, 2d Dist. Montgomery No. 19904, 2003-Ohio-6665, ¶ 10. Finally, App.R. 9(B) imposes a duty upon Williamson to provide a transcript of the proceedings before the trial court. In the absence of a transcript of the proceedings, or a proper substitute thereof, an appellate court is "constrained to presume the regularity of the proceedings below unless the limited record for our review affirmatively demonstrates error." *Albritton v. White*, 2d Dist. Montgomery No. 24027, 2011-Ohio-3499, ¶ 15, citing *Banks v. Regan*, 2d Dist. Montgomery No. 21929, 2008-Ohio-188, ¶ 2.

**III. Analysis**

**{¶ 5}** Despite the failure to comply with the Appellate Rules, we have reviewed Williamson's brief and conclude she intends to claim that the evidence supports the entry of a CSPO. Thus, we will assert the following assignment of error on her behalf:

THE JUDGMENT OF THE TRIAL COURT IS CONTRARY TO THE WEIGHT OF THE EVIDENCE

{¶ 6} Williamson's petition for a civil protection order was sought pursuant to R.C. 2903.214(C)(1) which allows individuals to seek civil protection orders based on allegations that a respondent has engaged in a violation of R.C. 2903.211, Ohio's menacing by stalking statute. Thus, when determining whether a civil stalking protection order should have been issued pursuant to R.C. 2903.214, the reviewing court must determine whether the petitioner proved by a preponderance of the evidence that the respondent engaged in conduct constituting menacing by stalking. *L.L.L. v. Junies*, 2d Dist. Greene No. 2013 CA 31, 2014–Ohio–141, ¶ 14.

{¶ 7} Menacing by stalking is defined as engaging in a pattern of conduct that knowingly causes another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person. R.C. 2903.211(A)(1). To establish a pattern of conduct, there only needs to be "two or more actions or incidents closely related in time." R.C. 2903.211(D)(1). "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶ 8} The magistrate found that Williamson had failed to present evidence sufficient to establish a pattern of conduct. The magistrate further found the evidence insufficient to establish that any of the conduct complained of caused Williamson to believe that Caldwell would cause her physical harm or that Caldwell's conduct caused mental distress. The magistrate cited *Kramer v. Kramer*, 3rd Dist. Seneca No. 13-02-03, 2002-Ohio-4383, ¶ 17 which states that the CSPO laws were not enacted for the "purpose of alleviating uncomfortable situations, but to prevent the type of persistent and

threatening harassment that leaves victims in constant fear of physical danger."

**{¶ 9}** Our review of the record shows that Williamson did not file objections to the magistrate's decision which would normally constrain us to a review for plain error. However, we also note that the magistrate's decision does not comport with Civ.R. 53(D)(3)(a)(iii) which states that "[a] magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b)."   The magistrate's decision contains no such notice, thus depriving Williamson of the opportunity to file objections.   Nor is there any indication that the magistrate's decision was ever served on Williamson.   Therefore, we are not required to apply a plain error standard.   *State v. Wheeler*, 2016-Ohio-2964, 65 N.E.3d 182, ¶ 15 (2d Dist.) (construing identical language contained in Crim.R. 19(D)(3)(a)(iii).)

**{¶ 10}** However, as noted above, under App.R. 9(B), Williamson must file a transcript in order to argue on appeal that the CSPO is unsupported by the evidence or is contrary to the weight of the evidence.   *State v. Barksdale*, 2d Dist. Montgomery No. 23422, 2011–Ohio–630, ¶ 11.   In the absence of a transcript of the hearing we cannot say that the decision to deny the protection order is erroneous.    Accordingly, the sole assignment of error is overruled.

## III. Conclusion

**{¶ 11}** Williamson's sole assignment of error being overruled, the judgment of the

trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Robynn Williamson
Elesa Caldwell
Hon. Gregory F. Singer