[Cite as *Howard v. Howard*, 2018-Ohio-2218.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| SHELLY HOWARD | : | |
| | : | |
| *Petitioner-Appellee* | : | Appellate Case No. 27826 |
| | : | |
| v. | : | Trial Court Case No. 2017-DV-1114 |
| | : | |
| JONATHAN HOWARD | : | (Domestic Relations Appeal) |
| | : | |
| *Respondent-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of June, 2018.

. . . . . . . . . . .

SHELLY HOWARD, 8137 Mount Aetna Street, Huber Heights, Ohio 45424
    Petitioner-Appellee-Pro Se

JONATHAN HOWARD, 1221 Leeser Avenue, Apartment 3, Akron, Ohio 44314
    Respondent-Appellant-Pro Se

. . . . . . . . . . . .

TUCKER, J.

**{¶ 1}** Appellant Jonathan Howard appeals pro se from a judgment of the Montgomery County Court of Common Pleas, Division of Domestic Relations, granting a domestic violence civil protection order sought by petitioner-appellee Shelly Howard. Because we conclude that the trial court had authority to enter the civil protection order, we affirm.

## I. Procedural History

**{¶ 2}** On August 29, 2017, Shelly Howard filed a petition for a Domestic Violence Civil Protection Order (hereinafter "CPO") alleging that on August 23, 2017, she had been sleeping on her couch when Mr. Howard hit her with a hard object. She further alleged that Mr. Howard had previously choked and pinched her, and that he had pushed her to the ground. An ex parte order of protection was entered that day and a full hearing was scheduled for September 8, 2017.

**{¶ 3}** Personal service was not effected upon Mr. Howard until the day before the scheduled hearing. Thus, the trial court continued the hearing to September 25. The hearing was later continued, at Mr. Howard's request, to October 10, 2017. On that date, Mr. Howard failed to appear for the hearing which proceeded with only Ms. Howard present.

**{¶ 4}** Following the hearing, the trial court issued a five-year protection order. The trial court found that Mr. Howard had physically assaulted Ms. Howard. The trial court further found that Mr. Howard "did engage in acts of domestic violence pursuant to R.C.

3113.31(A)(1)[,]" and that Ms. Howard felt threatened by his actions. The trial court further found there was sufficient evidence to conclude that Ms. Howard was reasonably in fear of imminent serious physical harm.

{¶ 5} Mr. Howard appeals.

## II. Failure to Follow Procedural Rules

{¶ 6} "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002–Ohio–3803, ¶ 20. Mr. Howard's appellate brief fails to comply with App.R. 16(A)(3) which requires that an appellate brief contain a "statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." Further, App.R. 9(B) imposes a duty upon Mr. Howard to provide a transcript of the proceedings before the trial court. However, he did not request, nor file, a transcript.

## III. Analysis

{¶ 7} Despite the failure to comply with the Appellate Rules, we have reviewed Mr. Howard's brief and conclude he intends to claim that the evidence does not support the entry of the CPO. Thus, we will assert the following assignment of error on his behalf:

THE JUDGMENT OF THE TRIAL COURT IS CONTRARY TO THE WEIGHT OF THE EVIDENCE

{¶ 8} Mr. Howard appears to dispute the trial court's finding that he physically assaulted Ms. Howard. In support, he claims, somewhat confusingly and contrarily, that

he was not at home at the time of the alleged attack but that when he did get home he merely touched her thighs in order to wake her for work.

{¶ 9} Where a party fails to file appropriate parts of the record, an appellate court has no record to review. *State v. Bernhard*, 2d Dist. Greene No. 2004 CA 66, 2005-Ohio-1052, ¶ 17. In the absence of a transcript of the proceedings, or a proper substitute thereof, an appellate court is "constrained to presume the regularity of the proceedings below unless the limited record for our review affirmatively demonstrates error." *Albritton v. White*, 2d Dist. Montgomery No. 24027, 2011–Ohio–3499, ¶ 15. As noted, Mr. Howard did not file a transcript of the hearing. Thus, we must presume that the transcript would support the findings made by the trial court.

{¶ 10} R.C. 3113.31 authorizes a trial court to issue an ex parte temporary civil protection order where there is an immediate and present danger of domestic violence. R.C. 3113.31(D)(1). After conducting a full hearing on a petition for a civil protection order, the trial court may issue a civil protection order lasting up to five years. R.C. 3113.31(E)(1), 3113.31(E)(3)(a). "The decision whether to grant a civil protection order lies within the sound discretion of the trial court." *Daughtry v. Daughtry*, 10th Dist. Franklin No. 11AP–59, 2011–Ohio–4210, ¶ 5, citing *Parrish v. Parrish*, 95 Ohio St.3d 1201, 2002–Ohio–1623, 765 N.E.2d 359. Given the findings made by the trial court, we cannot say that it abused its discretion in granting the CPO.

{¶ 11} We also note that Mr. Howard appears to argue that he was prejudiced by the trial court's failure to grant a continuance of the hearing. However, a review of the record indicates, as noted above, that the matter was continued twice. Thus, this argument lacks merit.

**{¶ 12}** Accordingly, the sole assignment of error is overruled.

## IV. Conclusion

**{¶ 13}** Mr. Howard's assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Shelly Howard
Jonathan Howard
Hon. Timothy D. Wood