[Cite as *Saint Paris v. Galluzzo*, 2020-Ohio-308.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| VILLAGE OF SAINT PARIS | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-19 |
| | : | |
| v. | : | Trial Court Case No. 2019-TRD-928 |
| | : | |
| MICHAEL ANTHONY GALLUZZO | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 31st day of January, 2020.

. . . . . . . . . . .

H

ROGER A. STEFFAN, Atty. Reg. No. 0086330, Assistant Prosecuting Attorney, Champaign County Municipal Court, 205 South Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

MICHAEL ANTHONY GALLUZZO, P.O. Box 710, Saint Paris, Ohio 43072
    Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

TUCKER, P.J.

**{¶ 1}** Following a jury trial, Appellant Michael Galluzzo was convicted of three offenses related to his operation of a motor vehicle without a driver's license and while his license was suspended. He challenges his convictions on appeal. The judgment of the Champaign County Municipal Court will be affirmed.

## Facts and Procedural History

**{¶ 2}** Acting pro se on appeal, Galluzzo did not have a transcript of the jury trial prepared and made part of the record; this summary of the facts is based upon the truncated record. Galluzzo, while driving a vehicle in the Village of Saint Paris, was stopped by a Saint Paris police officer and cited for the following violations: (1) driving under a license forfeiture suspension in violation of Saint Paris Ord. 71.28(A); (2) driving under a non-compliance suspension also in violation of Saint Paris Ord. 71.28(A); and (3) driving without an operator's license in violation of Saint Paris Ord. 71.29.

**{¶ 3}** Approximately two weeks before the scheduled jury trial, Galluzzo requested at least a 30-day continuance "to properly prepare and file additional documents and receive responses." The trial court denied this request. On the same date, Galluzzo filed a demand for a bill of particulars. Five days later, Saint Paris filed and served Galluzzo with a bill of particulars. Galluzzo then filed a notice asserting that the bill of particulars was incomplete and demanding that Saint Paris supplement its response. Saint Paris responded stating "its Bill of Particulars was complete." Based upon the record before us, it appears that the trial court took no action regarding the bill of particulars dispute.

{¶ 4} Three days before the scheduled jury trial, Galluzzo filed a demand for dismissal asserting that the trial court was without jurisdiction to adjudicate the charges against him. The document was lengthy, but its essence can be summarized by the following language:

[Galluzzo's] Right to Travel as one of the sovereign, unencumbered by state statutes and licensing requirements for a "for profit corporation" and "de facto" government entity is an unalienable right protected under the Declaration of Independence and the Constitution of the United States.

The trial court overruled Galluzzo's jurisdictional attack.

{¶ 5} Finally, on the day of the jury trial, Galluzzo filed a document captioned as a "Counterclaim/Cross Claim." The document included three claims, each of which attacked the trial court's jurisdiction in some fashion. The trial court dismissed the asserted claims on the same day.

{¶ 6} The jury found Galluzzo guilty of each charged offense. The trial court sentenced Galluzzo to 180-days of incarceration for driving without an operator's license; Galluzzo was also fined $100. On the two driving under suspension convictions, the trial court imposed a $50 fine on each offense. The trial court also imposed court costs in the amount of $2,839.20. This appeal followed.

### Assignments of Error

{¶ 7} Galluzzo asserts the following assignments of error:

THE COURT ERRED WHERE IT FAILED AS A MATTER OF LAW TO DISMISS THE CHARGES WHEN IT WAS SHOWN THAT THE

OFFICER LACKED PROBABLE CAUSE TO INITIATE A TRAFFIC STOP IN VIOLATION OF THE FOURTH AMENDMENT.

THE COURT ERRED AS A MATTER OF LAW WHERE IT FAILED TO DISMISS THE CHARGES WHEN IT WAS SHOWN THAT THE CHARGING ORDINANCES WERE NOT THE CURRENT AND VALID ORDINANCES AS APPROVED BY THE ST. PARIS VILLAGE COUNCIL.

THE COURT ERRED AS A MATTER OF LAW WHERE IT FAILED TO DISMISS THE CHARGES FOR A VIOLATION OF DUE PROCESS WHERE IT WAS DISCOVERED THAT THE PROSECUTOR HAD FAILED TO PROVIDE "DISCOVERY" TO THE APPELLANT PRIOR TO TRIAL.

THE COURT ERRED AS A MATTER OF LAW WHERE IT FAILED TO DISMISS THE CHARGES WHERE THE INSTRUMENT WAS CHARGED AND THE SOVEREIGN MAN WAS PROSECUTED IN VIOLATION OF LAW.

THE COURT ERRED AS A MATTER OF LAW WHEN IT MOVED FORWARD AND DISMISSED TWO (2) CHALLENGES TO THE JURISDICTION OF THE COURT AND THE STANDING OF THE PLAINTIFF BEFORE JURISDICTION WAS ESTABLISHED ON THE RECORD.

THE COURT ERRED AS A MATTER OF LAW WHEN IT SUPPRESSED EXCULPATORY EVIDENCE FROM REVIEW BY THE JURY.

JUDGE GIL S. WEITHMAN DEMONSTRATED EXTREME BIAS

AND PREJUDICE IN HIS ACTIONS, DEMEANOR, AND COMMENTS AGAINST THE ALLEGED DEFENDANT DURING THE TRIAL.

## Analysis

### Fourth Amendment

{¶ 8} Galluzzo's first assignment of error asserts the stop of his vehicle was without probable cause and, thus, violated the Fourth Amendment. The record does not reflect that Galluzzo filed a motion to suppress in the trial court. Given this, the asserted Fourth Amendment issue is not before us. Upon this basis, the first assignment of error is overruled.

### Ordinances Not Valid

{¶ 9} Second, Galluzzo asserts that "it was shown" that he was charged and convicted under out-of-date, invalid ordinances. The record is insufficient to allow a conclusion that Galluzzo was charged under any repealed, out-of-date, or otherwise invalid ordinance. Galluzzo's second assignment of error is overruled.

### Failure to Provide Discovery

{¶ 10} Galluzzo next asserts that "the prosecution * * * failed to provide 'discovery' to [him] prior to trial," and the trial court erred by not dismissing the charges on this basis. The only discovery reflected by the record is the bill of particulars. Our review of Saint Paris's response to the requested bill of particulars provides no basis upon which to sustain Galluzzo's third assignment of error, and it is overruled.

### Violation of Law

{¶ 11} In the fourth assignment of error, Galluzzo asserts the trial court was

required to dismiss the charges because he was prosecuted in violation of law. Galluzzo claims he attempted to submit evidence regarding the purported violations of law, but the trial court refused his attempt to introduce such evidence.

{¶ 12} As noted, Galluzzo did not have a transcript prepared and made part of the record. App.R. 9(B)(1) imposed a duty on Galluzzo, as the appellant, "to ensure" the appellate record included that which was necessary for review of his assignments of error. *Howard v. Howard*, 2d Dist. Montgomery No. 27826, 2018-Ohio-2218; *State v. Smith*, 2d Dist. Montgomery No. 22200, 2008-Ohio-2726. When a party fails in this obligation, there is no record for review. *State v. Bernhard*, 2d Dist. Greene No. 2004-CA-66, 2005-Ohio-1052, ¶ 17. In the absence of a transcript of the proceedings, an appellate court is "constrained to presume the regularity of the proceedings below unless the limited record * * * affirmatively demonstrates error." *Id.* at ¶ 9, quoting *Albritton v. White*, 2d Dist. Montgomery No. 24027, 2011-Ohio-3499, ¶ 15. Since we do not have a transcript reflecting Galluzzo's attempt to introduce the evidence to which he refers, we have no basis to review this assignment of error. Galluzzo's fourth assignment of error is overruled.

Dismissal of Jurisdictional Challenges

{¶ 13} In his fifth assignment of error, Galluzzo asserts the trial court was without jurisdiction over him because "as a 'sovereign' * * * [he] operate[s] in the Common Law under the Constitution and Common Law documents, and not under the corporate STATE OF OHIO statutes unless under contract (license) or consent." This argument is without legislative or case law support. The record supports the conclusion that Galluzzo, while driving within Saint Paris, was stopped by a Saint Paris police officer and issued the

indicated citations. As such, the Champaign County Municipal Court had jurisdiction over Galluzzo to adjudicate the charges. Galluzzo's fifth assignment of error is overruled.

Trial Court's Rejection of Exculpatory Evidence and Judicial Bias

{¶ 14} Galluzzo's sixth and seventh assignments of error assert that the trial court rejected exculpatory evidence and that the court exhibited bias toward him. As discussed, without a transcript we have no basis upon which to conduct a review of the claimed rejection of evidence and bias. Given this, we must presume the regularity of the proceedings. Galluzzo's sixth and seventh assignments of error are overruled.

**Conclusion**

{¶ 15} Having overruled all of Galluzzo's assignments of error, the judgment of the Champaign County Municipal Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Roger A. Steffan
Michael Anthony Galluzzo
Hon. Gil S. Weithman