[Cite as *Coleman v. Sami*, 2022-Ohio-3942.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| LATOYA COLEMAN, et al. | : | |
| | : | |
| Petitioners-Appellees | : | Appellate Case Nos. 29502 and 29503 |
| | : | |
| v. | : | Trial Court Case Nos. 2022-CV-964 and |
| | : | 2022-CV-999 |
| AMILIA SAMI | : | |
| | : | (Civil Appeal from |
| Respondent-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of November, 2022.

. . . . . . . . . . .

LATOYA COLEMAN, Dayton, Ohio
        Petitioner-Appellee, Pro Se

TANYA GEIGER, Dayton, Ohio
        Petitioner-Appellee, Pro Se

AMILIA SAMI, 1461 Cornell Drive, Apartment 100, Dayton, Ohio 45406
        Respondent-Appellant, Pro Se

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Respondent-appellant, Amilia Sami, appeals pro se from the entry of two civil stalking protection orders against her in the Montgomery County Court of Common Pleas One civil stalking protection order (CPO) was entered in favor of Latoya Coleman, and the other in favor of Tanya Geiger. The appeals have been consolidated. For the reasons outlined below, the judgments of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} In March 2022, Coleman and Geiger each filed a pro se petition for a CSPO against Sami. Given that the petitions both concerned Sami, the trial court magistrate promptly consolidated the matter. In response to the petitions, on March 9, 2022, Sami filed a "Motion of not Guilty," in which she set forth her factual allegations. Approximately two weeks later, Sami filed a similar "Counterclaim to Protection Order." Then, on April 1, 2022, Sami filed a motion to recuse the magistrate. On May 3, 2022, the magistrate overruled the motion to recuse for reasons stated on the record. Those reasons are unknown to this court because Sami has not filed a transcript of the relevant trial court proceedings.

{¶ 3} After overruling Sami's motion to recuse, on May 19, 2022, the magistrate held a full evidentiary hearing on Coleman's and Geiger's petitions for CSPOs. Sami did not file a transcript of that hearing either, so the details of the hearing testimony are unknown to this court. The magistrate, however, issued findings of fact that were consistent with the allegations set forth in Coleman's and Geiger's petitions.

**{¶ 4}** As to Coleman, the magistrate issued a CSPO against Sami after making the following findings:

> Respondent has engaged in a pattern of behavior in which she has repeatedly called police and other governmental services on Petitioner for the purpose of harassment. Respondent has made over five police reports since August 2021. Petitioner testified that these actions has caused her severe mental distress.
>
> The Court finds by a preponderance of the evidence that 1) Respondent has knowingly engaged in a pattern of conduct that caused Petitioner to believe that Respondent will cause physical harm or cause or has caused mental distress; and 2) the following orders are equitable, fair, and necessary to protect the persons named in this Order from stalking offenses.

Coleman Order, p. 3.

**{¶ 5}** The magistrate also granted Geiger a CSPO against Sami based on the following findings:

> Respondent has sent multiple letters harassing Petitioner regarding her mother. Respondent has called the police with the purpose of harassing Petitioner. Petitioner continues to receive phone calls from Respondent. This conduct has been occurring since November 2021.
>
> The Court finds by a preponderance of the evidence that 1) Respondent has knowingly engaged in a pattern of conduct that caused

Petitioner to believe that Respondent will cause physical harm or cause or has caused mental distress; and 2) the following orders are equitable, fair, and necessary to protect the persons named in this Order from stalking offenses.

Geiger Order, p. 3.

{¶ 6} Sami now appeals from the CSPOs that the magistrate granted in favor of Coleman and Geiger.

**Law and Analysis**

{¶ 7} As a preliminary matter, we note that Sami's appellate brief, filed on August 2, 2022, and her supporting addendum, filed on August 12, 2022, do not include any assignments of error as required by App.R. 16. Nevertheless, our review of those filings indicates that Sami's argument on appeal is that Coleman and Geiger lied while giving their testimony at the evidentiary hearing on their petitions for a CSPO. For that reason, Sami claims that the trial court magistrate erred by granting Coleman and Geiger's petitions.

{¶ 8} Pursuant to App.R. 9(B), Sami had a duty to file a written transcript of the trial court proceedings that are necessary for evaluating the trial court's decision. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Sami failed to file any such transcript. Without a transcript of the proceedings or a proper substitute, "we cannot speculate what the testimony was at trial, and we are constrained to presume the regularity of the proceedings below unless the limited record for our review

affirmatively demonstrates error." *Albritton v. White*, 2d Dist. Montgomery No. 24027, 2011-Ohio-3499, ¶ 15, citing *Banks v. Regan*, 2d Dist. Montgomery No. 21929, 2008-Ohio-188, ¶ 2. (Other citation omitted.)

{¶ 9} With this limited ability to review in mind, we shall assess the trial court magistrate's findings and defer to the magistrate's decisions on issues of credibility. *L.L.L. v. Junies*, 2d Dist. Greene No. 2013-CA-31, 2014-Ohio-141, ¶ 15 (when reviewing testimony given in a protection order case "we must defer to the credibility determination made by the magistrate and adopted by the trial court"). The rationale for such deference is that "the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co., Inc. v. City of Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶ 10} After reviewing the available record, we find that the findings made by the magistrate were sufficient to support granting the CSPOs at issue. It is evident from the pleadings and findings that the magistrate assessed credibility in favor of Coleman and Geiger, and we must accord deference to that decision. We also must presume the regularity of the proceedings since there is no transcript of the evidentiary hearing to review. We further note that Sami's appellate brief and addendum mistakenly refer to facts outside the record. Under well-established law, appellate courts are limited to the record before the trial court and cannot consider documents or matters that are not in the record. *Chase Manhattan Mtge. Corp. v. Locker*, 2d Dist. Montgomery No. 19904, 2003-Ohio-6665, ¶ 10; *Kahler v. Eytcheson*, 2d Dist. Montgomery No. 23523, 2012-Ohio-

208, ¶ 23.

**{¶ 11}** For all the foregoing reasons, Sami has failed to demonstrate any prejudicial error. Therefore, the judgments of the trial court granting Coleman and Geiger CSPOs against Sami are affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Latoya Coleman
Tanya Geiger
Amilia Sami
Hon. Robert G. Hanseman