[Cite as *State v. Fry*, 2013-Ohio-5865.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO/ | ) | |
| TOWNSHIP OF BOARDMAN, | ) | CASE NO. 12 MA 156 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| BERNARD FRY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:          Criminal Appeal from County Court
                                   No. 2, Case No. 00 TRD 5567.


JUDGMENT:                          Reversed and Remanded.


APPEARANCES:
For Plaintiff-Appellee:            Attorney Paul J. Gains
                                   Prosecuting Attorney
                                   Attorney Ralph M. Rivera
                                   Assistant Prosecuting Attorney
                                   21 W. Boardman St., 6th Floor
                                   Youngstown, OH  44503

For Defendant-Appellant:           Attorney Ryan Ingram
                                   7330 Market Street
                                   Youngstown, OH  44512


JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite


                                   Dated: December 20, 2013

DeGenaro, P.J.

{¶1} Defendant-Appellant Bernard Fry appeals the August 14, 2012 judgment of the Mahoning County Court No. 2 sentencing him to twelve days in jail and denying his post-sentence motion to withdraw his plea on August 21, 2012.

{¶2} Fry argues that the trial court erred in sentencing him to jail time and also in not permitting him to withdraw his plea. Because the trial court cited the incorrect version of the Driving Under Financial Responsibility Act Suspension (FRA) statute in taking Fry's plea and sentencing him, his plea was not entered knowingly and intelligently; thus the trial court should have permitted Fry to withdraw his plea. Accordingly, the judgment of the trial court is reversed and this cause is remanded for further proceedings.

## Facts and Procedural History

{¶3} The facts in this case are not disputed. On October 26, 2000, Fry was cited by Boardman Police Department for Driving Under an FRA Suspension, R.C. 4507.02(B)(1) and Fictitious Plates, in violation of R.C. 4549.08. Fry failed to appear for the arraignment on November 16, 2000. A warrant was issued for his arrest.

{¶4} Fry appeared without counsel on April 29, 2002, waived speedy trial and entered a plea of not guilty. The matter was rescheduled to June 13, 2002. Fry posted a $3500.00 cash/surety bond. Again, Fry failed to appear and a warrant was issued for his arrest.

{¶5} Ten years later, on August 14, 2012, Fry voluntarily appeared. He waived counsel, executed a 'waiver of rights upon plea' and indicated to the trial court that he understood the rights he was giving up and entered a guilty plea to the charges. Fry was sentenced on the FRA Suspension to a $200 fine and 180 days in jail, 168 days suspended, to be served one day each week from Tuesday night to Wednesday night for twelve weeks; and on the Fictitious Plates to a $50 fine and 30 days in jail, with all 30 days suspended.

{¶6} On August 20, 2012, Fry, now represented by counsel, filed a motion to withdraw his plea and stay his sentence, arguing that his plea was uncounseled and the jail sentence was improper in light of statutory revision which occurred over the past ten years. On August 21, 2012, the trial court denied the motion and stay without a hearing.

{¶7} Fry filed a request for stay of execution of sentence pending appeal which

the trial court denied, stating that Fry is not a first time offender and has two prior convictions for driving under suspension in the five years prior to this case. This court granted a stay of Fry's sentence.

### Driving Under FRA Suspension

**{¶8}** A review of the law at the time of the offense and on the date of sentencing is essential to resolving this appeal. On October 26, 2000, when Fry was cited for Driving Under FRA Suspension[1] the offense was a first degree misdemeanor and the statute designated a five year look back period for prior convictions. Fry did not plead to these charges until nearly twelve years later, August 14, 2012; and on that date an FRA suspension was an unclassified misdemeanor. Moreover, the statute designated a three year look back period for prior convictions which would enhance the offense to a first degree misdemeanor for two or more violations of this or a substantially equivalent municipal ordinance.

### Post Sentence Motion to Withdraw Plea

**{¶9}** In his first of two assignments of error, Fry asserts:

**{¶10}** "The trial court erred when it denied the Defendant-Appellant's Motion to Withdraw Plea without conducting a hearing after the Defendant-Appellant entered a no contest plea without counsel."

**{¶11}** "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1; *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶8; *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), at paragraph one of the syllabus. A hearing on the motion must be held only if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea. *State v. Brooks*, 7th Dist. No. 04 MA 240, 2005-Ohio-5058, ¶9, citing *State v. Hamed*, 63 Ohio App.3d 5, 7, 577 N.E.2d 1111 (1989) and *State v. Blatnik*, 17 Ohio App.3d 201, 204, 478

---

[1] An FRA Suspension was originally codified at R.C.4507.02, was substantively amended and renumbered as R.C. 4510.16 by 2002 Am.Sub.S.B. 123, effective January 1, 2004.

N.E.2d 1016 (1984). Resolution of the motion is left to the sound discretion of the trial court, with the good faith, credibility and weight of the movant's assertions to be resolved by that court. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), at paragraph two of the syllabus. Accordingly, our standard of review is for abuse of discretion, which "means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *In re S.S.L.S.*, 7th Dist. No. 12 CO 8, 2013-Ohio-3026, ¶22.

{¶12} The purpose of the manifest injustice element contemplated by Crim.R. 32.1 is to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment, *Smith*, 49 Ohio St.2d at 264, and can only be established in "extraordinary cases," defined by the Ohio Supreme Court as a "clear or openly unjust act." *Id.*; *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998). This court has referred to a manifest injustice as "an extraordinary and fundamental flaw in the plea proceeding." *State v. Lintner,* 7th Dist. No. 732, 2001 WL 1126654 (Sept. 21, 2001) *3, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). A guilty plea that was not entered knowingly, intelligently, or voluntarily, creates a manifest injustice that would entitle a defendant to withdraw a guilty plea. *State v. Bush,* 3d Dist. No. 14-2000-44, 2002-Ohio-6146, at ¶11; *State v. Beck,* 1st Dist. No. C-020432, C-020449, C-030062, 2003-Ohio-5838, at ¶8.

{¶13} The trial court informed Fry that he was facing a potential "thousand dollar fine, up to 6 month jail sentence." If this were a first offense, as Fry contends on appeal, then he would have been subject to penalties for an unclassified misdemeanor which did not include incarceration. If however, he had prior convictions within the controlling look back period, then he would be facing the first degree misdemeanor penalties. Significantly, the record provides no clarity; there was no testimony about or copies of previous convictions included within the record.

{¶14} In *State v. Engle*, 74 Ohio St.3d 525, 660 N.E.2d 450 (1996), the Ohio Supreme Court held that when a defendant enters, and a court accepts, a guilty plea with both acting on an erroneous understanding of the applicable law, the plea is not made

knowingly and intelligently. Further, in *State v. Taylor*, 3d Dist. No. 13-12-25, 2012-Ohio-5130, the defendant was charged with wrongful entrustment, a first degree misdemeanor, but during the pendency of the case the offense was amended and reduced to an unclassified misdemeanor. Prior to sentencing, Taylor filed a motion to withdraw her plea, which the trial court denied, and then imposed first degree misdemeanor penalties, including jail time. On appeal Taylor argued that the trial court failed to conduct a proper Crim.R. 11 colloquy to inform her of her rights prior to accepting her plea.

{¶15} The Third District reversed, reasoning that because Taylor was given the wrong information concerning her sentence this warranted a withdrawal of her plea.

> Because the earlier version of the statute provided for the imposition of up to a six-month jail sentence, the punishment was reduced by the amendment of the statute. Both the acceptance of her plea and the sentencing occurred after the effective date of the amendment. Therefore, Taylor should have been sentenced subject to the lesser sentence imposed by the amended statute, pursuant to the requirements of R.C. 1.58(B).

*Taylor* at ¶18.

{¶16} The same rationale is applicable here. Because the trial court informed Fry of the potential penalties under the former version of the FRA Suspension statute, Fry's plea was not made knowingly and intelligently. Thus, a manifest injustice was established which entitles Fry to withdraw his guilty plea. Accordingly this assignment of error is meritorious.

{¶17} In his second assignment of error, Fry asserts:

{¶18} "The Trial Judge lacked jurisdiction to sentence the Defendant-Appellant to 12 days because the current law pertaining to Driving Under FRA suspension dictates that for a first offense within a three (3) year period, the offense is an unclassified misdemeanor, an offense for which jail is not a possible penalty."

{¶19} Because resolution of the first issue is dispositive of the appeal, this assignment of error is moot, and will not be addressed. *In re Dissolution of Marriage of*

*Kelly*, 7th Dist. No. 09 CA 863, 2011-Ohio-2642, ¶45, citing App.R. 12(A)(1)(c).

{¶20} In conclusion, because the trial court cited the incorrect version of the FRA Suspension statute in taking Fry's plea and sentencing him, his plea was not entered knowingly and intelligently; thus the trial court should have permitted Fry to withdraw his plea. Accordingly, the judgment of the trial court is reversed and this cause is remanded for further proceedings.

Vukovich, J., concurs.

Waite, J., concurs in judgment only.