[Cite as *State v. Boddie*, 2019-Ohio-2246.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

STATE OF OHIO      :
          :
  Plaintiff-Appellee    :  Appellate Case No. 2018-CA-111
          :
v.          :  Trial Court Case No. 2018-CR-40
          :
DREW BODDIE      :  (Criminal Appeal from
          :   Common Pleas Court)
  Defendant-Appellant  :
          :

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of June, 2019.

. . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Clark County Prosecutor's Office, Appellate Division, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
  Attorney for Plaintiff-Appellee

BRIAN D. BRENNAMAN, Atty. Reg. No. 0088988, 1616 Turner Road, Xenia, Ohio 45385
  Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

**{¶ 1}** On January 22, 2018, Boddie was indicted on one count of robbery in violation of R.C. 2911.02(A)(2). On October 12, 2018, Boddie entered into a plea agreement with the state that reduced the charge from a second-degree felony to a third-degree felony. The trial court sentenced Boddie to 3 years in prison, the maximum for a third-degree felony.

**{¶ 2}** Boddie appeals, arguing in a single assignment of error that the trial court erred in sentencing him by failing to consider the principles and purposes of felony sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. He also argues that the record did not support imposing the maximum sentence.

**{¶ 3}** As an initial matter, the state argues that Boddie's sentence is not reviewable under R.C. 2953.08(D)(1), which provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *See also State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16. As we have said, "[a]greed sentences are not reviewable on appeal." *State v. Turner*, 2d Dist. Montgomery No. 24421, 2011-Ohio-6714, ¶ 31. R.C. 2953.08(D)(1) may bar appeals that "challenge the court's discretion in imposing a sentence, such as whether the trial court complied with statutory provisions like R.C. 2929.11 (the overriding purposes of felony sentencing), 2929.12 (the seriousness and recidivism factors), and/or 2929.13(A) through (D) (the sanctions relevant to the felony degree) or whether consecutive or maximum sentences were appropriate under certain circumstances." *Underwood* at ¶ 22.

**{¶ 4}** Boddie says that he did not agree to the prison term. He admits that he was

aware that the trial court intended to impose a 3-year term but says that he never agreed to it.

{¶ 5} In the written plea agreement, Boddie agreed that the maximum penalty for the charge was "36 months." He further agreed that, "[i]n addition, a period of supervision by the Adult Parole Authority after release from prison is * * * (Mandatory Three Years) If I am sentenced to prison for * * * a third-degree felony that is an offense of violence and is not a felony sex offense, I will have three (3) years of mandatory post-release control * * *." At the plea hearing, the state's recitation of the terms of the plea agreement indicated that a prison sentence would be imposed:

> * * * The defendant will be pleading guilty to the amended count of robbery, a felony of the third degree.
>
> There will be a plea to the amended count of robbery with a mandatory three years of post-release control.

(Plea Tr. 3). And most telling, Boddie himself acknowledged that he would receive a 3-year sentence under the agreement:

> THE COURT: * * * Do you understand the terms of the plea agreement, Mr. Boddie?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that the State is going to reduce the offense from a second degree felony to a third degree felony, and that the Court's going to impose the maximum penalty of three years for the third degree felony?
>
> THE DEFENDANT: Yes, sir.

THE COURT: Is that what you'd like to do this morning?

THE DEFENDANT: Yes.

(Plea Tr. 4).

{¶ 6} We conclude that Boddie agreed to a 3-year sentence. In his plea agreement, he agreed to plead guilty knowing that the trial court could impose a sentence of that length. At the plea hearing, he agreed that under the terms of the plea agreement the court was going to impose the 3-year sentence. Indeed, he expressly said that that was what he wanted. Boddie concedes that his sentence was authorized by law, that the 3-year prison term was within the statutory range for a third-degree felony and was "not contrary to law." This agreed-upon sentence is not reviewable.

{¶ 7} The sole assignment of error is overruled.

{¶ 8} The trial court's judgment is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J., concurs.

DONOVAN, J., dissents:

{¶ 9}   I disagree. The terms of an agreed sentence must be laid out with clarity on the record. This was not done here, hence the plea and sentence are reviewable and R.C. 2953.08(D)(1) does not apply.

{¶ 10} The written plea agreement filed on October 12, 2018 does not stipulate to a three-year prison term and, when calling the case, the prosecutor merely mentioned post-release control, not an agreed-upon prison term. The first to inject 3 years in prison into the case was the trial judge.

**{¶ 11}** In fact the plea form includes the following language under the caption Community Control: "If this court is not required by law to impose a prison sentence, it may impose community control sanctions or non-prison sanctions upon me." Furthermore, the Agreement section of the plea agreement notes "no promises have been made except as part of this plea agreement stated ENTIRELY as follows: plea to amended indictment (Robbery F3) PSI." However counsel for defendant stated on the record "the court does not intend to do a PSI." (Plea Tr. 4.)

**{¶ 12}** Furthermore, after telling Boddie it would be a three year sentence, the Court added additional ambiguity by stating, "The sentencing range is anywhere from probation up to a maximum penalty of three years in the Ohio State Penitentiary." (Plea Tr. 6.) At this juncture the court did not clarify, by reinforcing that probation (community control) was not a consideration. This was misleading because the written plea form signed by the state, the defendant, the defendant's attorney, and the judge included probation (community control) as a possibility as well. I would find this was a reviewable sentence, and I would reverse and vacate the plea given the ambiguity herein.

. . . . . . . . . . . . .

Copies sent to:

John M. Lintz
Brian D. Brennaman
Hon. Douglas M. Rastatter