**[Cite as *State v. Carmichael*, 2020-Ohio-6767.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-7 |
| | : | |
| v. | : | Trial Court Case Nos. 2015-CR-677 & |
| | : | 2016-CR-07A |
| ADAM CARMICHAEL | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of December, 2020.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

MISTY M. CONNORS, Atty. Reg. No. 0075457, P.O. 340246, Dayton, Ohio 45434
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Adam Carmichael appeals from the trial court's January 2, 2020 order which denied his pro se motion to withdraw his guilty pleas without a hearing. Carmichael's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This court advised Carmichael that appellate counsel had filed an *Anders* brief and granted him 60 days to file a pro se brief assigning any errors for review by this court. No pro see brief has been received. Having conducted a thorough review of the record for potentially meritorious issues, and having found none, we hereby affirm the judgment of the trial court.

{¶ 2} On December 28, 2015, Carmichael was indicted in Clark C.P. No. 2015-CR-677, on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), with a firearm specification, and one count of aggravated burglary, in violation of R.C. 2911.11(A)(1), both felonies of the first degree. On January 4, 2016, Carmichael was indicted in Clark C.P. No. 2016-CR-07A on one count of aggravated robbery, in violation of R.C. 2911.01(A)(3), a felony of the first degree; one count of felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree; and one count of abduction, in violation of R.C. 2905.02(A)(2), a felony of the third degree.

{¶ 3} On March 4, 2016, pursuant to a plea agreement, Carmichael pled guilty to aggravated robbery in Case No. 2015-CR-677, and the firearm specification and the charge of aggravated burglary were dismissed. In Case No. 2016-CR-07A, Carmichael pled guilty to aggravated robbery and felonious assault, and the charge of abduction was dismissed. Carmichael was sentenced to an agreed sentence of four years on each offense, to be served consecutively, for an aggregate prison term of 12 years. He did not file a direct appeal.

{¶ 4} On March 21, 2017, in Case No. 2016-CR-07A, Carmichael filed a pro se motions for appointment of counsel, to "compel discovery of transcript," and for resentencing. The State opposed the motion for resentencing. On April 26, 2017, the court overruled all of Carmichael's motions, noting that he had agreed to his sentence "in open court and by a written guilty plea."

{¶ 5} On August 28, 2017, Carmichael filed a pro se motion in Case No. 2016-CR-07A to withdraw his guilty plea pursuant to Crim.R. 32.1; his motion asserted that his mouth had been wired shut at the plea hearing, that he had been unable to speak, that he had been under the influence of medication at the time, and that he did not understand the documents he signed Carmichael also filed a motion for transcripts. The State opposed Carmichael's motion to withdraw his pleas on February 7, 2018.

{¶ 6} The court did not rule on the motion to withdraw and, on November 12, 2019, Carmichael filed another pro se motion to withdraw his guilty pleas pursuant to Crim.R. 32.1; he again argued that his mouth had been wired shut at his plea hearing, that he had been under the influence of pain medication, and that, because he could not talk during the Crim.R. 11 hearing, it "cannot be reasonably said" that the plea hearing "was properly conducted." The State opposed the second motion to withdraw plea.

{¶ 7} On January 2, 2020, the court denied Carmichael's motion without a hearing, stating that, based on its review the pleadings, plea agreement, Carmichael's motion, and the State's response, the court found that Carmichael had not demonstrated a manifest injustice.

{¶ 8} We review an *Anders* appeal as follows:

An appellate court, upon the filing of an *Anders* brief, has a duty to

determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed. 493; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the defendant.

*State v. Allen*, 2d Dist. Clark No. 2018-CA-60, 2019-Ohio-1253, ¶ 5.

{¶ 9} Carmichael's appellate counsel asserts that she thoroughly examined the record in this case, researched applicable law, and found no meritorious issues upon which to base an appeal. However, she asserts two potential assignments of error. The first potential assignment of error is as follows:

DID THE TRIAL COURT ERR BY DENYING DEFENDANT'S MOTION TO VACATE A VOID JUDGMENT OR WITHDRAW HIS GUILTY PLEA WITHOUT AN EVIDENTIARY HEARING BECAUSE DEFENDANT WAS TAKING OXYCODONE WHEN HE ENTERED THE PLEA AGREEMENT?

{¶ 10} Crim. R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court

after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 11} As this Court recently noted:

* * * " 'A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.' " *State v. Brooks*, 2d Dist. Montgomery No. 23385, 2010-Ohio-1682, ¶ 8 quoting *State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746, *2 (Aug. 20, 1999). Therefore, "[w]ithdrawal of a plea after sentencing is permitted only in the most extraordinary cases." *State v. Ray*, 2d Dist. Champaign No. 2019-CA-31, 2020-Ohio-4769, ¶ 13, citing *State v. Jefferson*, 2d Dist. Montgomery No. 26022, 2014-Ohio-2555, ¶ 17, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977).

"[A] defendant ordinarily may establish a manifest injustice within the context of Crim.R. 32.1 by showing that he did not enter the guilty plea in a knowing, intelligent, or voluntary manner." *State v. Riley*, 4th Dist. Washington No. 16CA29, 2017-Ohio-5819, ¶ 18 citing *State v. Fry*, 7th Dist. Mahoning No. 12 MA 156, 2013-Ohio-5865, ¶ 12 ("A guilty plea that was not entered knowingly, intelligently, or voluntarily, creates a manifest injustice that would entitle a defendant to withdraw a guilty plea."); *State v. Brown*, 2d Dist. Montgomery Nos. 24520 and 24705, 2012-Ohio-199, ¶ 13 ("If a defendant's guilty plea is not knowing and voluntary, it has been

obtained in violation of due process and is void."); *State v. Hall*, 4th Dist. Jackson No. 99CA847, 2000 WL 245492, *2 (Feb. 25, 2000) ("A trial court violates a defendant's due process rights, and hence may produce a manifest injustice, if it accepts a guilty plea that the defendant did not enter knowingly, intelligently, and voluntarily.").

" 'A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by that court.' " *State v. Hawke*, 2d Dist. Greene Nos. 2019-CA-24 and 2019-CA-25, 2020-Ohio-511, ¶ 14, quoting *State v. Yapp*, 2015-Ohio-1654, 32 N.E.3d 996, ¶ 19 (8th Dist.), citing *Smith* at paragraph two of the syllabus. " 'Consequently, an appellate court's review of a trial court's denial of a post[-]sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion.' " (Citations omitted.) *Id.*, quoting *Yapp* at ¶ 9. An abuse of discretion occurs when a trial court's decision is "unreasonable, arbitrary or unconscionable." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

*State v. Leifheit*, 2d Dist. Clark No. CA 78, 2020-Ohio-5106, ¶ 15-17.

{¶ 12} As this Court has further noted:

The trial court is not required to hold an evidentiary hearing on every post-sentence motion to withdraw a plea. *E.g., State v. Harden,* 2d Dist. Montgomery No. 24063, 2012-Ohio-1657, ¶ 14. "A hearing is required only

if the facts alleged by the defendant, if accepted as true, would require the plea to be withdrawn." *State v. McComb,* 2d Dist. Montgomery Nos. 22570, 22571, 2009-Ohio-295, ¶ 19. The trial court should hold a hearing "unless it is clear that denial of the motion is warranted." *Id.,* quoting *State v. Francis,* 104 Ohio St.3d 490, 500, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 51.

*State v. Hall*, 2d Dist. Greene No. 2011-CA-32, 2012-Ohio-2539, ¶ 11.

{¶ 13} In Carmichael's case, the record reflects that, at the March 4, 2016 plea hearing, the prosecutor described the plea agreement to the court, and defense counsel acknowledged that the prosecutor had correctly described the agreement. Defense counsel further informed the court that Carmichael had been recently assaulted in jail and that his jaw was wired shut, but that he could "say yes and no." Defense counsel reiterated how Carmichael intended to plead, and then the following exchange occurred:

THE COURT: Is that what you want to do this afternoon, Mr. Carmichael?

THE DEFENDANT: Yes, sir.

THE COURT: Are you under the influence of any drugs, alcohol or medication this afternoon?

THE DEFENDANT: For my jaw.

THE COURT: Is that pain medication?

THE DEFENDANT: Yes, sir.

THE COURT: What pain medication are you taking?

THE DEFENDANT: I don't know. * * *

[DEFENSE COUNSEL]: Judge, I can answer the question for you, if you give me a moment.

(Counsel looks through papers.)

[DEFENSE COUNSEL]: Mr. Carmichael is on amoxicillin. * * * [H]e's also taking oxycodone. * * *

THE COURT: * * * Do those medications to the best of your ability or knowledge, are they affecting your ability to understand what's happening today?

THE DEFENDANT: No.

THE COURT: I'm holding up two written plea agreements, and they appear to have your signature on them. Did you sign these two plea agreements?

THE DEFENDANT: Yes, sir.

THE COURT: And did you have a chance to go over these documents with your lawyer?

THE DEFENDANT: Yes, sir.

THE COURT: Did you understand everything in them?

THE DEFENDANT: Yes, sir.

* * *

THE COURT: Has anyone threatened you to get you to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Are you pleading guilty voluntarily?

THE DEFENDANT: Yes, sir.

THE COURT: Did you understand the factual statement that the prosecutor put on record about these offenses?

THE DEFENDANT: Yes, sir.

* * *

THE COURT: * * *

Do you understand that while the Court has agreed to the twelve year sentence, you understand that the maximum penalty for these offenses is what I stated[1]?

THE DEFENDANT: Yes, sir.

{¶ 14} The trial court further advised Carmichael regarding post-release control, advised him of and ascertained that he understood his constitutional rights, and found that he had knowingly, voluntarily, intelligently waived his rights and entered a plea of guilty to these three offenses. The court then found him guilty on his plea. Defense counsel then asked the court to impose the agreed-upon sentence, and the court imposed a four-year term for each offense, to be served consecutively.

{¶ 15} The record demonstrates that Carmichael was not unable to speak at the plea hearing. Further, he clearly advised the court that his ability to understand the proceedings was not impaired by his medications and that he intended to enter his pleas pursuant to the plea agreement. As appellate counsel acknowledges in the brief, "[w]ith these admissions on the record, an evidentiary hearing would have been superfluous," and based on Carmichael's admissions, the trial court reasonably concluded that he had

---

[1] The court had advised Carmichael that the maximum sentence for aggravated robbery was 11 years, the maximum sentence for felonious assault was eight years, and that the maximum penalty he could receive for all three of these offenses was 30 years.

entered his pleas knowingly, intelligently, and voluntarily. Therefore, the trial court properly denied Carmichael's motion to withdraw his guilty plea, because accepting the plea agreement was not manifestly unjust under the circumstances presented. In other words, the denial of the motion to withdraw was clearly warranted, and a hearing was not required. Carmichael's first potential assignment of error lacks arguable merit.

{¶ 16} Carmichael's second potential assignment of error is as follows:

WAS TRIAL COUNSEL'S FAILURE TO FILE A TIMELY NOTICE OF APPEAL INEFFECTIVE ASSISTANCE OF COUNSEL?

A. Was the Trial Court's Sentence Excessive and Inconsistent with Sentences Imposed for Similar Crimes Committed by Similar Offenders?

B. Did the Trial Court Correctly Inform Defendant About his Post-Release Control Requirements and Consequences of Violations?

{¶ 17} Counsel for Carmichael asserts that nothing in the record in this case suggests that Carmichael's conviction would have been reversed on direct appeal, if such an appeal had been filed, based on the trial court's acceptance of his plea, the length of his sentence, or the manner in which post-release control was imposed.

{¶ 18} Carmichael's appeal in this case is limited to the trial court's decision of January 2, 2020, which overruled his motion to withdraw his guilty plea. Defense counsel's failure to file a direct appeal in 2016 is not properly before us. We further note that, in August 2019 in Case No. 2015-CR-677, Carmichael also filed a pro se motion to vacate void sentence based on the trial court's alleged failure to properly advise him of post-release control; the court overruled that motion, and Carmichael did not appeal. Moreover, an agreed sentence is not subject to appellate review. *State v. Gurra*, 2d Dist.

Miami No. 2015-CA-28, 2016-Ohio-5647, ¶ 14 ("[A]n agreed-upon sentence that is authorized by law is simply not subject to review on appeal.")   Accordingly, we conclude that Carmichael's second potential assignment of error lacks merit.

{¶ 19} Since Carmichael's *Anders* brief and our independent review of the record disclose no meritorious issues upon which to base an appeal, the trial court's judgment denying Carmichael's motion to withdraw his pleas is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

John M. Lintz
Misty M. Connors
Adam Carmichael
Hon. Douglas M. Rastatter