[Cite as *State v. Greene*, 2024-Ohio-363.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29836; 29837 |
| | : | |
| v. | : | Trial Court Case No. 2019 CR 04109/1; |
| | : | 2019 CR 02796 |
| ROBERT T. GREENE | : | |
| | : | (Criminal Appeal from Common Pleas |
| Appellant | : | Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on February 2, 2024

. . . . . . . . . . .

MARY ADELINE R. LEWIS, Attorney for Appellant

MATHIAS H. HECK, JR., by SARAH H. CHANEY, Attorney for Appellee

. . . . . . . . . . .

WELBAUM, J.

{¶ 1} In these consolidated cases, Defendant-Appellant, Robert T. Greene, appeals from judgments revoking his community control sanctions and imposing consecutive prison sentences. When Greene initially pled guilty to multiple counts of theft in two pending cases, he agreed to serve consecutive sentences in the event

community control was revoked. After the sanctions were violated, the trial court held a revocation hearing and sentenced Greene to an aggregate prison term of 48 months for the two cases, which included some consecutive sentences.

**{¶ 2}** According to Greene, the court erred in imposing consecutive sentences without making the appropriate findings under R.C. 2929.14(C)(4). However, Greene had previously agreed to consecutive sentences in the event of revocation and was bound by his agreement. The sentences, therefore, are not subject to review on appeal under R.C. 2953.08(D)(1). Accordingly, the trial court's judgments will be affirmed.

## I. Facts and Course of Proceedings

**{¶ 3}** In the aftermath of the 2019 Memorial Day tornadoes that devastated parts of the Miami Valley, Greene cheated victims (many of whom were elderly) out of thousands of dollars by offering to repair their properties, collecting deposits, and vanishing without having made repairs. As a result, Greene was indicted on more than two dozen theft counts in Montgomery C.P. No. 2019 CR 04109/1 (26 counts). Greene was also indicted on one count of theft in Montgomery C.P. No. 2019 CR 02796.[1]

**{¶ 4}** Greene did not initially appear after being indicted and was arrested more than two years later in June 2022. In September 2022, Greene entered into a plea agreement with the State and waiver and plea entries and orders were filed. In Case

---

[1] Case No. 2019 CR 04109/1 did include two theft offenses that occurred in November 2018 and two that occurred between December 2018 through March 2019, i.e., before the tornadoes. *See* original indictment ("A") and Reindictment B. Likewise, the crime in Case No. 2019 CR 02796 occurred between November 25, 2018, and March 14, 2019, which was before the tornadoes. Therefore, that case does not appear to have been generated as a result of the tornadoes, although it was treated as such in the trial court.

No. 2019-CR-04109/1, several waiver and plea orders were filed. Three of these were filed for the A indictment. In the first, Greene pled guilty to counts 1, 5, 7, 9, 11, 13, and 21 (all fifth-degree felonies). The court accepted the plea, found Greene guilty as to these counts, and dismissed counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, and 22. The second plea on Indictment A was a guilty plea to counts 3, 17, and 19 (fourth-degree felonies); the court accepted Greene's plea and found him guilty. Regarding the third plea, Greene pled guilty to count 15 (a first-degree misdemeanor). The court also accepted this plea and found Greene guilty.

{¶ 5} One waiver and plea order was filed for the B Reindictment. In this instance, Greene pled guilty to counts 1 and 3 (both fifth-degree felonies), and the court accepted the plea and found him guilty. The court also dismissed counts 2 and 4 of that indictment.

{¶ 6} In Case No. 2019-CR-02796, Greene pled guilty to the only charge, a fourth-degree felony, and the court accepted his plea and found him guilty. After accepting the pleas, the court ordered a presentence investigation and set sentencing in both cases for October 31, 2022.

{¶ 7} On November 9, 2022, the court filed termination entries in each case. In both cases, the court sentenced Greene to community control sanctions for up to five years. The sanctions included payment of restitution to 13 victims in amounts ranging from $250 to $15,000 in Case No. 2019-CR-04109/1 and $3,500 in Case No. 2019-CR-02796, for total restitution of $41,005.58. The combined amount to be paid toward restitution for both cases was set at $300 per month. Both entries contained the following language: "*Court orders that if Defendant misses any monthly payments,*

*instructed to file revo*." (Emphasis sic.)

**{¶ 8}** The termination entry in Case No. 2019-CR-04109/1 further stated that:

If you violate any conditions of this sanction, or if you violate any law, the court can impose a longer time under the same sanction, impose a more restrictive sanction, or a prison term of **A INDICTMENT – COUNT 1 AND COUNT 11: TWELVE MONTHS EACH COUNT, COUNTS 3 & 19: EIGHTEEN (18) MONTHS EACH COUNT, COUNTS 5, 7, 9, 13, 21 – TWELVE (12) MONTHS EACH COUNT, COUNT 15: ONE HUNDRED EIGHTY DAYS (180) DAYS MONTGOMERY COUNTY JAIL, COUNT 17: EIGHTEEN (18 MONTHS). ALL COUNTS CONCURRENT TO EACH OTHER BUT CONSECUTIVE TO TWELVE (12) MONTHS IN B INDICTMENT AND CONSECUTIVE TO CASE NO. 19-CR-2796. B INDICTMENT – COUNT I: TWELVE (12) MONTHS, COUNT 3: TWELVE (12) MONTHS, CONCURRENT WITH EACH OTHER BUT CONSECUTIVE TO EIGHTEEN (18) MONTHS IN A INDICTMENT AND CONSECUTIVE TO CASE NUMBER 19-CR-2796. FOR A TOTAL OF FORTY-EIGHT (48) MONTHS**.

(Capitalization and emphasis sic.) Termination Entry – Community Control, Case No. 2019-CR-04109/1 (Nov. 9, 2022), p. 1.

**{¶ 9}** Similarly, the entry in Case No. 2019-CR-02796 stated, "If you violate any condition of this sanction, or if you violate any law, the court can impose a longer time under the same sanction, impose a more restrictive sanction, or a prison term of

**EIGHTEEN (18) MONTHS CONSECUTIVE CASE NUMBER 4109/1 (48 months total).**" (Capitalization and emphasis sic.) Termination Entry – Community Control, Case No. 2019-CR-02796 (Nov. 9, 2022), p. 1. There is no dispute that the parties agreed to a five-year term, but neither side appealed from these entries.[2]

{¶ 10} In December 2022, Greene was arrested for driving under suspension/restrictions – child support/FTA; furnishing false information; and contempt in C#2021 TRD 00080. Consequently, the State filed revocation motions. A revocation hearing was set for February 2023, but Greene did not appear and a capias was issued. After Greene was arrested, the court held a combined revocation hearing on May 22, 2023.

{¶ 11} During the revocation hearing, the court heard testimony from Greene's probation officer, Greene, and Greene's fiancée. Transcript of Proceedings (Revocation Hearing) ("Tr. 1"), 7-57. At that time, the court found Greene had violated two rules of supervision and set a disposition hearing for May 30, 2023. *Id.* at 58 and 61. At the revocation hearing, the State commented in closing remarks that "[i]t was very clear at [Greene's] sentencing, made crystal clear to him even a failed payment was enough for sending him to [sic] for the five years that he agreed to serve if he violated anything. * * * So it's time for him to be revoked in accordance with the agreement that he made at sentencing in a decision of [sic] five-year prison sentence." *Id.* at 56-57.

---

[2] The court also filed an amended termination entry in Case No. 2019-CR-04109/1 in January 2023. This was only clerical, as the court simply added a reference in the case caption to counts 15 and 17. This entry contained the same language about revocation and consecutive sentences as found in the original termination entry. Again, neither side appealed.

**{¶ 12}** During the disposition hearing on May 30, 2023, the court remarked that the case arose from the tornado, where Greene had taken money from "quite a number of victims" to do the work and did not do it, so "[t]his was a really exploitative type of situation." *Id.* at 63. The court noted the content in the original termination entries and the agreement for five years (or 60 months) and attempted to reconcile these matters by indicating that perhaps it should change the sentence in one of the cases. *Id.* at 65. The court then said, concerning consecutive sentences, that:

We do have consecutive sentences there, so first of all, I believe that would be in compliance with 2929.14(C) because the parties agreed to this sentence. It's an agreed sentence, but otherwise, we find that, again, because of this situation where there was a tornado that occurred, individuals were subject to difficult circumstances, their homes had been damaged in the tornado – Mr. Greene seized on that situation, took money from people, represented he would do work to repair their homes, did not come back, and did not do the work. And some of these folks are elderly and otherwise in difficult circumstances. So the court finds that at least two of the multiple offenses were committed as part of one or more course of conduct, and the harm caused by two or more of the (indiscernible) offenses so committed was so great or unusual that a single prison term for any one offense committed as part of the course of conduct adequately [sic] reflects the seriousness of the defendant's conduct. And the – for that reason, the court sentences [him] to consecutive sentences under R.C. 2929.14(C).

*Id.* at 65-66.

{¶ 13} Subsequently, on June 5, 2023, the court held another sentencing hearing. At that time, the court said that after reviewing the termination entries, "it has been determined that the amount of months indicated [at the May hearing] is not correct. It's actually greater than what is permitted by the prior term[ination] entries." Transcript of Proceedings (Sentencing Hearing) ("Tr. 2"), 2. After stating it would correct this error, the court said, "Just for the record, I'm reiterating the indications I made last week considering the statute and the type of violations, considering the seriousness and recidivism factors, all those things are reaffirmed except changing this now for the appropriate entry." *Id.* at 2-3.

{¶ 14} The court then imposed a total sentence of 48 months. This consisted in Case No. 2019-CR-04109/1 of a total of 18 months on the A indictment (where all sentences were concurrent) and 12 months on the B indictment, which was to be served consecutive to the A indictment. This amounted to 30 months in prison. Both of these sentences were imposed consecutive to the 18-month sentence in Case No. 2019-CR-02796, meaning the court imposed a total sentence of 48 months for both cases. *Id.* at 3. The court stressed that while it may have made a calculation error in November 2022, it did not believe it could "go greater than what the aggregate sentence is" and could not change the term post-sentence. *Id.* at 3-4. At that point, the State objected, and the court remarked that both sides had the right to appeal. *Id.* at 4-5.

{¶ 15} On June 15, 2023, the court filed termination entries in both cases, imposing an aggregate prison term of 48 months and crediting Greene with 118 days of jail-time

credit. The court also added consecutive sentence language under R.C. 2929.14(C)(4) with respect to multiple offenses and the great and unusual harm caused. Termination Entry, Case No. 2019-CR-04109/1 (June 15, 2023), p.1; Termination Entry, Case No. 2019-CR-02796 (June 15, 2023), p. 1. Greene then filed a notice of appeal in both cases on June 17, 2023. He did not ask for leave to file a delayed appeal as to his original pleas and agreement. The State did not cross-appeal.

{¶ 16} In August 2023, we consolidated the appeals. We later granted the State leave to supplement the record with transcripts from the May 22, 2023 revocation hearing and the May 30, 2023 sentencing hearing. *See* Order Sustaining Motion to Supplement the Record (Oct. 20, 2023).

## II. Consecutive Sentences

{¶ 17} Under his sole assignment of error, Greene argues that the trial court erred by sentencing him to consecutive sentences without making the proper findings under R.C. 2929.14(C)(4). In response, the State contends the court did not need to make findings for consecutive sentences because the parties had jointly agreed to the sentence and the court no longer needed to justify the sentence. Appellee's Brief, p. 5, citing *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 25.

{¶ 18} "It is well established that when reviewing felony sentences, this court must apply the standard of review set forth in R.C. 2953.08(G)(2)." *State v. McCoy*, 2d Dist. Champaign No. 2023-CA-11, 2024-Ohio-98, ¶ 24, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7. "Under that statute, an appellate court may

increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain enumerated statutes, or (2) the sentence is otherwise contrary to law." *Id.*, citing *Marcum* at ¶ 9.

**{¶ 19}** According to Greene, his sentence is contrary to law because the trial court failed to make all the findings required by R.C. 2929.14(C)(4). This statute provides that:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶ 20}** "When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel. And because a court speaks through its journal, the court should also incorporate its statutory findings into the sentencing entry." (Citations omitted.) *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

**{¶ 21}** Greene contends that while the trial court made an appropriate finding as to R.C. 2929.14(C)(4)(b) – that two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct – it did not find, as required by R.C. 2929.14(C)(4), that consecutive service was necessary to protect the public from future crime or to punish the offender and that the consecutive sentences were not disproportionate to the seriousness of the conduct and to the danger posed to the public. As noted, the State asserts that statutory findings were not needed because this was an agreed sentence.

**{¶ 22}** As relevant here, R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "Agreed" or "jointly recommended" sentences

are generally not reviewable on appeal. *State v. Turner*, 2d Dist. Montgomery No. 24421, 2011-Ohio-6714, ¶ 31. "The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." *Porterfield,* 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, at ¶ 25. *See also State v. Gurra*, 2d Dist. Miami No. 2015-CA-28, 2016-Ohio-5647, ¶ 14 ("an agreed-upon sentence that is authorized by law is simply not subject to review on appeal"); *State v. Carmichael*, 2d Dist. Clark No. 2020-CA-7, 2020-Ohio-6767, ¶ 18; *State v. Boddie*, 2d Dist. Clark No. 2018-CA-111, 2019-Ohio-2246, ¶ 3 and 6.

{¶ 23} In this case, the record contains ample evidence indicating there was an agreed or jointly-recommended sentence. No place was it more evident than at the May 30 disposition, where the court stated: "Mr. Greene made an agreement, and I think the State was very vehement that if he didn't comply, he had the five-year term. And I think it's clear he didn't comply, and you have to have the consequences of that." Tr. 1 at 63. Furthermore, as noted, the court went on to stress, "We do have consecutive sentences there, so first of all, I believe that would be in compliance with [R.C.] 2929.14(C)(4) because *the parties agreed to this sentence. It's an agreed sentence.*" (Emphasis added.) *Id.* at 65.

{¶ 24} As noted above, R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case,

and is imposed by a sentencing judge." The question here is whether the trial court was required to comply with R.C. 2929.14(C)(4) when it imposed a lesser sentence than what the parties jointly recommended.

**{¶ 25}** In *State v. Sergent*, the Supreme Court of Ohio considered the meaning of "authorized by law" in R.C. 2953.08(D)(1). As here, the alleged error was the trial court's failure to make the required findings under R.C. 2929.14(C)(4). *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 7-8.

**{¶ 26}** In considering the matter, the court noted its prior holding that " '[a] sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all *mandatory* sentencing provisions.' " (Emphasis sic.) *Id*. at ¶ 26, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph two of the syllabus. *Underwood* involved merger of allied offenses and held that merger is a mandatory sentencing requirement due to R.C. 2941.25(A), which prohibits courts " 'from imposing individual sentences for counts that constitute allied offenses of similar import.' " *Id*. at ¶ 27, quoting *Underwood* at ¶ 26. Therefore, where a trial court fails to comply with merger requirements, a defendant may appeal the sentence despite the restriction in R.C. 2953.08(D)(1).

**{¶ 27}** In contrast, imposing consecutive sentences is discretionary. In this regard, *Sergent* noted the following comments in *Underwood*:

> "We have acknowledged that '[t]he General Assembly intended a jointly
> agreed-upon sentence to be protected from review *precisely because the*
> *parties agreed that the sentence is appropriate. Once a defendant*

*stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence.*' *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 25. However, *Porterfield* did not involve a mandatory sentencing provision, but merely the discretionary decision to impose consecutive sentences."

(Emphasis added.) *Sergent* at ¶ 28, quoting *Underwood* at ¶ 27.

**{¶ 28}** Thus, the court held in *Sergent* that "in the context of a jointly recommended sentence that includes nonmandatory consecutive sentences, a trial court is not required to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4). Accordingly, when a trial judge imposes such an agreed sentence without making those findings, the sentence is nevertheless 'authorized by law' and not reviewable on appeal pursuant to R.C. 2953.08(D)(1)." *Id.* at ¶ 43.

**{¶ 29}** Applying the above authority here, a sentence is also not reviewable on appeal under R.C. 2953.08(D)(1) where a defendant agrees to or jointly recommends a sentence and the trial court imposes a lesser sentence. In this context, we focus on *Sergent's* reference to a defendant's agreement or stipulation that a particular sentence is appropriate or justified.

**{¶ 30}** As a general rule, "[a]greements, waivers, and stipulations made by persons accused of crimes, or by their counsel in their presence, during the course of a trial for crime, are, after the termination of the trial, as binding and enforceable upon such persons as like agreements, waivers, and stipulations are upon parties to civil actions." *State ex rel. Warner v. Baer,* 103 Ohio St. 585, 134 N.E. 786 (1921), paragraph four of the syllabus.

*Accord State v. Robbins*, 176 Ohio St. 362, 199 N.E.2d 742 (1964), paragraph two of the syllabus; *State v. Moore*, 2d Dist. Montgomery No. 13519, 1993 WL 211561, *4 (June 14, 1993); *State v. Sancho*, 8th Dist. Cuyahoga No. 91903, 2009-Ohio-5478, ¶ 29 (stipulation to order of restitution); *State v. Brewer*, 12th Dist. Clermont No. CA2002-03-025, 2003-Ohio-1064, ¶ 13 (restitution stipulation). While the majority of these cases involved agreements or stipulations that occurred during trial, there is no reason not to apply the same principles to sentences. If a defendant stipulates or agrees to a particular sentence, there is no logical basis for challenging a lower sentence that is imposed. As the Supreme Court of Ohio has said, where a sentence is agreed or stipulated as appropriate or justified, a trial court need not independently explain why the sentence is being imposed. *Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, at ¶ 28. Consequently, Greene is not entitled to appeal his sentence.

{¶ 31} In these circumstances, the State has a right to appeal, but defendants like Greene do not. *See* R.C. 2945.67(A) (noting that "[i]n addition to any other right to appeal under this section or any other provision of law, a prosecuting attorney * * * may appeal, in accordance with section 2953.08 of the Revised Code, a sentence imposed upon a person who is convicted of or pleads guilty to a felony").

{¶ 32} It is true that the sentence here was imposed after revocation. Under R.C. 2929.15(B), when trial courts sentence defendants for violation of community control sanctions, they have various options, including: (1) imposing a longer time under the same sanction; (2) imposing more restrictive sanctions, like financial sanctions, community residential sanctions or a "new term" of up to six months in a "community

based correctional facility, halfway house, or jail"; or (3) imposing prison terms, with certain limitations if the violation is only technical. R.C. 2929.15(B)(1)(a)-c).

{¶ 33} " 'It is well-established that any penalty imposed for violating a condition of one's community control sanctions is a punishment for that violation and not for the original underlying offense.' " *State v. Maines*, 12th Dist. Warren No. CA2019-09-088, 2020-Ohio-3502, ¶ 11, quoting *State v. Richter*, 12th Dist. Clermont No. CA2014-06-040, 2014-Ohio-5396, ¶ 8. Thus, the Supreme Court of Ohio has said that "a court sentencing an offender at a revocation hearing 'sentences the offender anew and must comply with the relevant sentencing statutes.' " *State v. Howard*, 162 Ohio St.3d 314, 2020-Ohio-3195, 165 N.E.3d 1088, ¶ 19, quoting *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17.

{¶ 34} Nonetheless, that does not alter the nature of a defendant's stipulation or agreement to the consecutive sentence on revocation, nor does it impose a burden on the trial court in that instance to comply with the requirements of R.C. 2929.14(C)(4). As a preliminary point, *Howard* did not involve an agreed sentence; instead, the defendant in that case was convicted following a bench trial. *Id.* at ¶ 2. Furthermore, as noted, "an agreed sentence authorized by law is not appealable. R.C. 2953.08(D)(1) expressly deems such sentences as nonappealable. Appellate courts are precluded from reviewing them. Second, inherent in an agreed sentence is a quid pro quo arrangement where the defendant and prosecutor have either given up something or attained something in exchange for being bound by a nonappealable sentence." *State v. Huffman*, 8th Dist. Cuyahoga No. 105805, 2018-Ohio-1192, ¶ 17.

{¶ 35} "Agreed sentences serve an important function in Ohio's justice system. For defendants, they are an effective tool to 'cap' or limit sentencing exposure. This is especially true where the defendant is facing significant jail time either due to the severity of the individual offense or the sheer volume of offenses. In these instances, the defendant is giving up the right of appeal to be secure in the knowledge that he or she will not be subject to a greater punishment than the agreed sentence." *Id.* at ¶ 19.

{¶ 36} "For prosecutors, an agreed sentence secures a plea to perhaps a difficult or uncomfortable case in exchange for an understanding that a sentence will be to a level or range that the prosecutor deems satisfies the victim or society as a whole." *Id.* See *also State v. Gilroy*, 195 Ohio App.3d 173, 2011-Ohio-4163, 959 N.E.2d 19, ¶ 22 (2d Dist.), citing *State v. Adkins*, 161 Ohio App.3d 114, 2005-Ohio-2577, 829 N.E.2d 729 (4th Dist.) (noting "[a] plea agreement is a contract between the prosecution and a criminal defendant, and is governed by principles of contract law. * * * If one side breaches the agreement, the other side is entitled to rescission or specific performance.")

{¶ 37} These agreements do not bind trial courts, as courts "may reject plea agreements and * * * are not bound by a jointly recommended sentence." *Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, at ¶ 28. In addition, trial courts retain discretionary power regarding penalties on revocation. However, the agreement is binding as to a defendant like Greene, who agrees to a non-appealable consecutive sentence. He may not then escape the agreement and require the trial court to make findings under R.C. 2929.14(C)(4). Accordingly, Greene's sole assignment of error is overruled.

### III.   Conclusion

{¶ 38} Greene's sole assignment of error having been overruled, the judgments of the trial court will be affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. concurs in judgment only.

HUFFMAN, J., concurs.