[Cite as *State v. McCoy*, 2024-Ohio-98.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

STATE OF OHIO                          :
                                       :
    Appellee                      :     C.A. No. 2023-CA-11
                                       :
v.                                     :     Trial Court Case No. 2022 CR 161
                                       :
MITCHELL EDWARD MCCOY                  :     (Criminal Appeal from Common Pleas
                                       :     Court)
    Appellant                     :
                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on January 12, 2024

. . . . . . . . . . .

AMY E. BAILEY, Attorney for Appellant

JANE A. NAPIER, Attorney for Appellee

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Appellant, Mitchell Edward McCoy, appeals from his conviction in the Champaign County Court of Common Pleas after he pled guilty to one count of aggravated possession of drugs. In support of his appeal, McCoy contends that the trial court erred by denying his motion for a competency evaluation. McCoy also challenges the indefinite six-to-nine-year prison term imposed by the trial court. For the reasons

outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On August 1, 2022, a Champaign County grand jury returned an indictment charging McCoy with one second-degree-felony count of aggravated possession of drugs and one second-degree-felony count of aggravated trafficking in drugs. The charges arose after an Urbana police officer observed McCoy passed out in the driver's seat of his vehicle while the vehicle was running and parked next to a gas pump at a local Speedway. It was alleged that, after awaking McCoy, the officer conducted a pat-down search and found multiple plastic baggies of methamphetamine in the pockets of McCoy's pants.

{¶ 3} As part of a negotiated plea agreement, McCoy pled guilty to the charge for aggravated possession of drugs. McCoy also agreed to forfeit the baggies associated with the offense and to pay court costs and court-appointed counsel fees. In exchange for McCoy's guilty plea, the State dismissed the charge for aggravated trafficking in drugs and recommended that the trial court sentence McCoy to an indefinite term of five to seven-and-a-half years in prison. The parties also jointly agreed to waive a presentence investigation ("PSI") for sentencing.

{¶ 4} On January 12, 2023, the trial court held a plea hearing and accepted McCoy's guilty plea to aggravated possession of drugs. Despite the parties' joint agreement to waive a PSI, the trial court decided that a PSI was warranted and ordered one for sentencing. Two weeks later, the trial court received a hand-written letter from

McCoy requesting to withdraw his guilty plea. In the letter, McCoy advised the trial court that he intended to fire his public defender and hire new defense counsel.

{¶ 5} The trial court treated McCoy's letter as a pro se motion to withdraw guilty plea and scheduled a hearing on the motion. Shortly thereafter, McCoy's newly retained defense counsel filed a notice of substitution of counsel, a Crim.R. 32.1 motion to withdraw guilty plea, and a motion for a competency evaluation. In the motion for a competency evaluation, McCoy's counsel claimed that testing was necessary to determine whether McCoy was competent to stand trial.

{¶ 6} On February 9, 2023, the trial court held a hearing on the substitution of counsel, the motion to withdraw guilty plea, and the motion for a competency hearing. During the hearing, the trial court granted the substitution of counsel but required McCoy's public defender to remain present at the hearing. Thereafter, the trial court addressed McCoy's motion for a competency hearing, which it denied. The trial court did not issue a ruling on McCoy's motion to withdraw guilty plea because McCoy's counsel orally moved to withdraw the motion. McCoy's new counsel also orally moved to withdraw his representation of McCoy and to have McCoy's public defender reappointed to the case. The trial court granted both oral motions after it confirmed that McCoy and his public defender agreed with what had been requested in the motions.

{¶ 7} After ruling on all the aforementioned motions, and after reappointing McCoy's public defender, the trial court held a sentencing hearing on February 15, 2023. During the sentencing hearing, the trial court sentenced McCoy to serve a mandatory indefinite prison sentence that consisted of a minimum term of six years in prison to a

maximum term of nine years in prison. The trial court also imposed a $2,000 fine and court costs. McCoy now appeals from his conviction, raising two assignments of error for review.

## First Assignment of Error

{¶ 8} Under his first assignment of error, McCoy contends that the trial court abused its discretion by denying his motion for a competency evaluation. We disagree.

{¶ 9} " 'It has long been recognized that "a person [who] lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." ' " *State v. Hough*, 169 Ohio St.3d 769, 2022-Ohio-4436, 207 N.E.3d 788, ¶ 21, quoting *State v. Smith*, 89 Ohio St.3d 323, 329, 731 N.E.2d 645 (2000), quoting *Drope v. Missouri*, 420 U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). " 'Fundamental principles of due process require that a criminal defendant who is legally incompetent may not be tried.' " *Id.*, quoting *State v. Thomas*, 97 Ohio St.3d 309, 2002-Ohio-6624, 779 N.E.2d 1017, ¶ 36. "Whether a defendant is competent depends on whether he ' "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." ' " *Id.*, quoting *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263, ¶ 45, quoting *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

{¶ 10} The trial court is required to hold a hearing on the issue of a defendant's

competence to stand trial if the issue is raised before the trial has commenced. *Id.* at ¶ 23-24; R.C. 2945.37(B). "If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial[.]" R.C. 2945.37(G). Otherwise, a defendant is presumed to be competent to stand trial. *Id.*

{¶ 11} "If the issue of a defendant's competence to stand trial is raised * * *, the court *may* order one or more evaluations of the defendant's present mental condition[.]" (Emphasis added.) R.C. 2945.371(A). " 'No competency evaluation, therefore, is required * * * every time that the issue of a defendant's mental condition is raised.' " *State v. Stahl*, 2d Dist. Greene No. 2004-CA-69, 2005-Ohio-2239, ¶ 19, quoting *State v. Dye*, 5th Dist. Licking No. 99-CA-2, 1999 WL 770619, *2 (Sept. 2, 1999). " 'Rather, "the wording of [R.C. 2945.371(A)] implies that the ordering of an examination is a matter within the discretion of the trial court." ' " *Id.*, quoting *Dye* at *2, quoting *State v. Bailey*, 90 Ohio App.3d 58, 67, 627 N.E.2d 1078 (11th Dist.1992). *Accord State v. Curry*, 2d Dist. Greene No. 2012-CA-50, 2014-Ohio-3836, ¶ 40. "The prosecutor and defense counsel may submit evidence on the issue of the defendant's competence to stand trial." R.C. 2945.37(E). However, " '[t]he burden is on the defendant to submit enough evidence to put the question [of competency] at issue.' " *Curry* at ¶ 40, quoting *State v. Carson*, 2d Dist. Greene No. 2002-CA-73, 2003-Ohio-5958, ¶ 30. (Other citation omitted.)

{¶ 12} "We review a trial court's decision regarding competency evaluations for an abuse of discretion." *State v. Farra*, 2d Dist. Montgomery No. 28950, 2022-Ohio-1421, ¶ 25, citing *Curry* at ¶ 40. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." (Citation omitted.) *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34. " 'A trial court's finding that a defendant is competent to stand trial will not be disturbed where there is some reliable and credible evidence supporting that finding.' " *Farra* at ¶ 25, citing *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, 12 N.E.3d 1112, ¶ 33.

{¶ 13} In this case, the record establishes that the trial court held a hearing on McCoy's motion for a competency evaluation. McCoy, however, did not file a transcript of the hearing with this court, as required by App.R. 9(B). Nor did McCoy file a statement of the evidence or proceedings as permitted by App.R. 9(C) and (D). The only information in the record regarding the hearing is contained in the trial court's February 10, 2023 journal entry denying McCoy's motion for a competency evaluation.

{¶ 14} The journal entry indicates that, during the hearing, McCoy's counsel advised the trial court that the motion for a competency evaluation was based on McCoy's initial reluctance to enter a negotiated guilty plea and the fact that McCoy had attempted suicide and been hospitalized after entering his guilty plea. McCoy's counsel argued that these events raised the issue of whether McCoy understood what he was doing when he entered his guilty plea and whether his present mental condition impacted his ability to assist in his defense. The State, on the other hand, opposed McCoy's request for a mental competency evaluation and argued that McCoy's actions during the case

demonstrated his competence to stand trial.

{¶ 15} After hearing counsels' arguments, the trial court recounted in great detail its past experiences with McCoy while presiding over McCoy's cases in Champaign County, i.e., Case Nos. 2018 CR 196, 2020 CR 044, and 2022 CR 161. For example, the trial court noted that McCoy had previously been involved in two separate pleas of guilt, five separate admissions to community control violations, and six pro se motions for judicial release. The trial court also noted that McCoy had filed six pro se motions that involved a request for a payment plan, a request for paternity testing, a request for a bond hearing, a request to withdraw a guilty plea, and a request to address his pending cases in Champaign and Clark Counties due to his concern about sharing a defense counsel with his co-defendant. The trial court further noted that it had received multiple letters from McCoy's mother, grandmother, and girlfriend, and multiple reports from treatment agencies.

{¶ 16} In addition to that information, the trial court stated that it had considered transcripts of recorded jail telephone calls between McCoy and his co-defendant that were presented during McCoy's bond review hearing on September 13, 2022. The trial court found that the transcripts established that McCoy had made several statements on the calls demonstrating his understanding of his culpability for the aggravated possession of drugs offense as well as his understanding of certain legal concepts. For example, while McCoy was discussing the methamphetamine that was discovered on his person, the trial court found that McCoy had said: "I'll take claim to some of that because some of that was mine." Journal Entry (Feb. 10, 2023), p. 5. The trial court also found that

McCoy had asked his co-defendant: "Why hasn't your attorney filed for a motion for demand of discovery? You need to sit down and you need to spend your time in that." *Id.*

{¶ 17} The trial court also stated that it had considered the fact that McCoy's first felony offense had involved a similar circumstance in which McCoy had attempted self-harm after he tested positive for drugs while on municipal court probation. In addition, the trial court stated that it had considered McCoy's past failures at completing rehabilitative programming for his mental health and substance abuse issues, his past violent and anti-social behavior, and his noncompliance with court sanctions.

{¶ 18} In light of all the aforementioned considerations, the trial court concluded that, despite McCoy's current mental health issues, McCoy was "capable of understanding the nature and objective of the proceedings against him and of assisting in [his] defense and [was] therefore presently competent to stand trial." *Id.*, p. 6.

{¶ 19} Absent a transcript of the hearing, "we cannot speculate what the testimony was at [the hearing], and we are constrained to presume the regularity of the proceedings below unless the limited record for our review affirmatively demonstrates error." *Albritton v. White*, 2d Dist. Montgomery No. 24027, 2011-Ohio-3499, ¶ 15, citing *Banks v. Regan*, 2d Dist. Montgomery No. 21929, 2008-Ohio-188, ¶ 2. (Other citation omitted.) *See also Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980) (when portions of the transcript necessary to resolve assigned errors are not part of the record on appeal, we must presume the validity of the lower court's proceedings and affirm).

{¶ 20} Based on the limited record that is available, we find that the trial court's

decision denying McCoy's motion for a competency evaluation was not arbitrary, unreasonable, or unconscionable. The record establishes that McCoy's motion was based on his mental health condition. "The [Supreme Court of Ohio] has made clear that '[i]ncompetency must not be equated with mere mental or emotional instability or even with outright insanity.' " *State v. Williams*, 2d Dist. Greene No. 2022-CA-55, 2023-Ohio-965, ¶ 23, quoting *State v. Bock*, 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986). This is because " '[a] defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel.' " *Id.*

{¶ 21} Moreover, in its journal entry, the trial court recounted its prior interactions with McCoy and provided extensive reasoning as to why it believed McCoy was competent to stand trial. Given the lack of a hearing transcript and the lack of evidence showing that McCoy was incapable of understanding the nature and objective of the proceedings against him or that he was incapable of assisting in his defense, we presume that the trial court's reasoning was valid. Accordingly, we do not find that the trial court abused its discretion when it denied McCoy's motion for a competency evaluation.

{¶ 22} McCoy's first assignment of error is overruled.


**Second Assignment of Error**

{¶ 23} Under his second assignment of error, McCoy contends that the indefinite six-to-nine-year prison term imposed by the trial court was an abuse of discretion. Specifically, McCoy claims that the trial court did not properly consider the principles and purposes of felony sentencing outlined in R.C. 2929.11 or the seriousness and recidivism

factors outlined in R.C. 2929.12.   We again disagree.

{¶ 24} As a preliminary matter, we note that McCoy incorrectly asserts that an abuse of discretion standard of review applies to the appellate review of felony sentences. It is well established that when reviewing felony sentences, this court must apply the standard of review set forth in R.C. 2953.08(G)(2).   *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7.   Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain enumerated statutes, or (2) the sentence is otherwise contrary to law.   *Id.* at ¶ 9, citing R.C. 2953.08(G)(2).

{¶ 25} In this case, the trial court was not required to make findings under the statutes enumerated in R.C. 2953.08(G)(2); accordingly, we must simply consider whether McCoy's sentence is otherwise contrary to law.   " '[O]therwise contrary to law' means "in violation of statute or legal regulations at a given time." ' "   *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22, quoting *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34, quoting *Black's Law Dictionary* 328 (6th Ed.1990).   This court has also defined "contrary to law" as " 'a sentencing decision [that] manifestly ignores an issue or factor which a statute requires a court to consider.' "   *State v. Morgan*, 2d Dist. Miami No. 2023-CA-10, 2023-Ohio-3913, ¶ 7, quoting *State v. Lofton*, 2d Dist. Montgomery No. 19852, 2004-Ohio-169, ¶ 11.   For example, " '[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set

forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.' " *Id.*, quoting *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.). (Other citation omitted.)

{¶ 26} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). Although the trial court must consider R.C. 2929.11 and 2929.12, neither statute requires a trial court to make any specific factual findings on the record. *Jones* at ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31 and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). "It is enough that the record demonstrates that the trial court considered R.C. 2929.11 and R.C. 2929.12 prior to imposing its sentence." *State v. Trent*, 2d Dist. Clark No. 2020-CA-61, 2021-Ohio-3698, ¶ 15.

{¶ 27} In addition, the Supreme Court of Ohio has explained that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Jones* at ¶ 39. This is because "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42. Therefore, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and 2929.12, this court does not analyze whether those sentences are unsupported by the record, but only whether they are contrary to law. *State v. Dorsey*, 2d Dist.

Montgomery No. 28747, 2021-Ohio-76, ¶ 18.

{¶ 28} Here, the record of the sentencing hearing and the corresponding judgment entry establish that the trial court considered the criteria in R.C. 2929.11 and R.C. 2929.12 when sentencing McCoy. *See* Sentencing Hearing Tr. (Feb. 15, 2023), p. 45 and Judgment Entry (Feb. 15, 2023), p. 3-13. The record also establishes that the prison term imposed by the trial court is within the authorized statutory range for second-degree felonies as set forth in R.C. 2929.14(A)(2)(a). That statute permits the trial court to impose an indefinite prison term with a stated minimum term of two, three, four, five, six, seven or eight years, and a maximum term that is equal to the minimum term plus 50% of the minimum term. *See* R.C. 2929.144(B)(1). Because McCoy's indefinite six-to-nine-year prison term falls within that range and is not otherwise contrary to law, there is no basis on which to modify or vacate McCoy's sentence.

{¶ 29} McCoy's second assignment of error is overruled.

## Conclusion

{¶ 30} Having overruled both of McCoy's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J. and HUFFMAN, J., concur.