[Cite as *State v. Cuffie*, 2024-Ohio-2193.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-61 |
| | : | |
| v. | : | Trial Court Case No. 22-CR-626 |
| | : | |
| ELIJAH A. CUFFIE | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on June 7, 2024

. . . . . . . . . . .

TRAVIS L. KANE, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Elijah A. Cuffie appeals from his conviction, following a guilty plea, on one count of assault on a corrections officer. The trial court imposed the maximum sentence of 12 months and ordered the sentence to be served consecutively to lengthy aggregate sentences imposed in other Clark County cases. Cuffie challenges the imposition of a

consecutive sentence on appeal. For the reasons discussed below, we will affirm the judgment of the trial court.

Facts and Procedural History

{¶ 2} The offense occurred on July 23, 2022. Cuffie was indicted on August 2, 2022, on one count of assault (corrections officer), and he pled not guilty. On December 8, 2022, appointed counsel for Cuffie filed a motion to withdraw, noting that, when he was served with a new indictment in jail, Cuffie had threatened to physically assault counsel in court, and Cuffie had been indicted for assaulting another prisoner and breaking his jaw. The court granted the motion to withdraw, and new counsel was appointed.

{¶ 3} In August 2023, Cuffie changed his plea to guilty. The court found Cuffie guilty of assault (corrections officer) and sentenced him as described above.

Assignment of Error and Analysis

{¶ 4} Cuffie asserts one assignment of error:

THE TRIAL COURT ERRED IN IMPOSING A CONSECUTIVE SENTENCE.

{¶ 5} At sentencing, the court and parties reviewed the presentence investigation report ("PSI"). The prosecutor noted that Cuffie had scored very high on the Ohio Risk Assessment System (ORAS) and stated:

His version of events, he blames the Corrections Officer Bradley saying that she came at him too strong. He knew he was in the wrong, shouldn't have done it, he just lost it. He decked her in the face. There's no place for it, Your Honor.

In reviewing his criminal history, he has a juvenile record that starts on page 2, continues to page 5 and half, an adult record after that and it culminates in a 5 - to 7-and-a-half prison term to be served in the Ohio Department of Rehabilitations and Corrections consecutive to the other cases and convictions that he has.

Your Honor, I think that, when looking at the offense here, it's the worst form of the offense, unprovoked, and punches the corrections officer in the face. I believe a 12-month sentence is what's appropriate here today, Your Honor.

{¶ 6} Defense counsel noted that Cuffie was "already set to do time up until 2031" and had accepted responsibility for his actions. According to defense counsel, while awaiting sentencing, Cuffie had resolved other matters by agreement with the State such that he "was given an additional 5 years consecutive to what he's already doing" and, at age 22, he was scheduled to be incarcerated until 2036. Defense counsel requested that any sentence in this case run concurrently with the other sentences, and he questioned the purpose of adding more time for a young man who was already "going to pay a heavy price" and was going to be "off the street for a long, long, time."

{¶ 7} The court discussed Cuffie's criminal record, noting that his lengthy juvenile record contained a number of probation violations and violent offenses and that, as an adult, Cuffie had a criminal history with previously-imposed lengthy prison sentences. The court stated that it had considered R.C. 2929.11 and R.C. 2929.12; it noted that Cuffie had not responded well to sanctions previously imposed in juvenile and adult court,

and that his ORAS score was very high. The court observed that Cuffie's attack on the corrections officer had been unprovoked and that Cuffie was "not quite sure why he did what he did."

{¶ 8} Based on these factors, the court imposed the maximum sentence of 12 months and ordered that Cuffie serve it consecutively to the sentences that had already been imposed in five other Clark County cases.

{¶ 9} Cuffie argues that the imposition of "maximum consecutive sentences" was "significantly harsh," noting that he had already received sentences totaling 12 years in prison before the sentence was imposed in this case. He asserts that an additional 12-month consecutive sentence was "disproportionate to the offense and excessively punishe[d]" him. Cuffie asserts that he accepted responsibility when he entered his guilty plea and that he had entered guilty pleas in the other cases as well. According to Cuffie, his sentence should have been concurrent.

{¶ 10} "It is well established that when reviewing felony sentences, this court must apply the standard of review set forth in R.C. 2953.08(G)(2)." *State v. McCoy*, 2d Dist. Champaign No. 2023-CA-11, 2024-Ohio-98, ¶ 24, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7. "Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain enumerated statutes, or (2) the sentence is otherwise contrary to law." *Id.*, citing *Marcum* at ¶ 9.

{¶ 11} Generally, there is a presumption that prison terms will be served

concurrently. R.C. 2929.41(A); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 16, 23 ("judicial fact-finding is once again required to overcome the statutory presumption in favor of concurrent sentences"). However, after determining the sentence for a particular crime, a sentencing judge has discretion to order an offender to serve individual counts of a sentence consecutively to each other or to sentences imposed by other courts. *State v. Dillon*, 2d Dist. Greene No. 2020-CA-4, 2020-Ohio-5031, ¶ 44.

{¶ 12} R.C. 2929.14(C) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

* * *

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the

offender.

{¶ 13} "When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel. And because a court speaks through its journal, the court should also incorporate its statutory findings into the sentencing entry." (Citations omitted.) *Bonnell* at ¶ 29. "The plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to the trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 173 Ohio St.3d 525, 2023-Ohio-3851, 231 N.E.3d 1109, ¶ 5.

{¶ 14} Here, the sentencing transcript and the judgment entry of conviction reflect that the trial court found that consecutive sentences were necessary to protect the public from future crime and to punish Cuffie. It further found that a consecutive sentence was not disproportionate to the seriousness of Cuffie's conduct and the danger Cuffie posed to the public. The court found that Cuffie had been awaiting trial or sentence when the assault on the corrections officer occurred and that Cuffie's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by him.

{¶ 15} The PSI recounted Cuffie's extensive criminal history going back to 2012, including multiple probation violations, vandalism, and an assault in 2018. As an adult, Cuffie had been convicted of having weapons while under disability and improper handling of a firearm in a motor vehicle in Clark C.P. No. 18 CR 700, and he received a

concurrent sentence of 30 months. In Clark C.P. No. 22 CR 780, he had been convicted for having weapons while under disability and carrying a concealed weapon and was sentenced to a consecutive 48 months. In Clark C.P. No. 22 CR 789, Cuffie had been convicted of robbery and sentenced to six to nine years, to be served consecutively to Case No. 22 CR 780. In Clark C.P. No. 22 CR 877A, Cuffie had been charged with felonious assault and a trial had been set for October 10, 2023.[1] In Clark C.P. No. 22 CR 95A, Cuffie was convicted of felonious assault and sentenced to five to seven and half years, to be served consecutively to Case Nos. 22 CR 780 and 22 CR 789. An Institutional Report Summary included in the PSI reflected that Cuffie had also committed multiple infractions while incarcerated.

{¶ 16} Based upon the record before us, we cannot conclude that the court's findings as to consecutive sentences were clearly and convincingly not supported by the record, and Cuffie's consecutive sentence is not contrary to law.

{¶ 17} Cuffie's assignment of error is overruled.

{¶ 18} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and TUCKER, J., concur.

---

[1] The Clark County Clerk of Courts website reflects that Case No. 2022 CR 877(A) was dismissed based upon Cuffie's guilty plea in Case No. 2022 CR 95(A). Clark County Clerk of Courts, https://clarkcountyohio.gov/93/Clerk-of-Courts (accessed May 16, 2024).